HENRY A. THELLUSSON, as Receiver in Supplementary Proceedings of the C. & W. CONSTRUCTION Co., INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 24204.)

Court of Claims, March 25, 1941.

*Charles C. Fenno* and *Lerman & Hyland,* for the County Trust Company of White Plains.

*Edwin R. Wolff,* for the receiver.

*I. J. Beaudrias,* for the claimant.

*John J. Bennett, Jr.,* Attorney-General [*Harold Greenstein,* Assistant Attorney-General, of counsel], for the defendant.

DYE, J. This motion is made by the County Trust Company of White Plains, New York, for leave to become a party to this action as co-claimant, *nunc pro tunc.*

In support of its application it has produced an assignment executed by the C. & W. Construction Co., Inc., dated October 7, 1932, which assigns " all monies due and to become due — on monthly and final estimates." This assignment was duly filed

in the several appropriate State offices and payments of the moneys covered thereby were duly made to the assignee up to the time of the default and suspension of the contract on October 31, 1934.

It also produces an assignment dated January 14, 1935, executed by the C. & W. Construction Co., Inc., by which it assigned " the proceeds of each and all claims which said C. & W. Construction Co., Inc., now has or may hereafter have against the State of New York, arising out of a contract * * * for the construction of the Drink Hall, Saratoga Springs." This latter assignment was filed with the State Comptroller December 11, 1939.

In the meantime and on December 5, 1935, the C. & W. Construction Co., Inc., duly filed a claim against the State for damages for breach of contract arising out of the suspension of the Drink Hall contract.

On July 22, 1938, a receiver in supplementary proceedings was duly appointed and thereupon became vested with the property of the judgment debtor, the C. & W. Construction Co., Inc. (Civ. Prac. Act, § 807.) Pursuant to section 20-a of the former Court of Claims Act, now section 15, the receiver was substituted by order of this court dated January 24, 1939, for the C. & W. Construction Co., Inc., as the party claimant in the within claim. He has diligently prosecuted the claim and brought it on for trial March 17, 1941, which, incidentally, is the same day that the motion herein was made returnable.

It does not now appear to this court that the intervention of the County Trust Company is necessary for the determination of the within claim, and, in the absence of such necessity, there is no occasion for adding it as a co-claimant. (Court of Claims Act of 1939, § 9. See, also, former Court of Claims Act, § 20.)

The court has jurisdiction to dispose of the claim on its merits. It has, however, no jurisdiction to pass upon the merits of a controversy over the proceeds of a judgment herein, either before or after its entry, nor will it take a spurious jurisdiction by giving recognition to a document as an assignment of a claim which the parties themselves have treated as an assignment of the proceeds (Assignment, January 14, 1935, § XXVI of Claim), and which the bank made no attempt to validate as against third parties by filing prior to December 11, 1939, nearly five years after its execution, nor does it appear that the bank has done anything but acquiesce in the proceedings affecting the receiver prior to this motion, which is made over two years after the substitution of the receiver as party claimant and over six years after the receipt of the alleged assignment. The motion is belated. (Former Court of Claims Act, § 20-a, now Court of Claims Act of 1939, § 15.)

The receiver is an officer of the appointing court, subject to its regulation and control, and he must administer and account for the property of the judgment debtor coming into his possession. (Civ. Prac. Act, § 804.) Interested parties will be protected, but they must seek their remedy in a tribunal possessing jurisdiction to pass upon the validity and priority of their respective claims.

The motion is denied. Let order be entered accordingly.