Alexander Del G-iorno, J.
This is a motion for an order (1) amending the claim so as to change the title of the claim to read: “ Aster Agency, Inc., and The Franklin National Bank of Long-Island ”, claimants, against the State of New York, and (2) deleting- paragraph 6 of the claim and substituting a new paragraph 6 reading: “6. On June 6, 1958 this claim was assigned by claimant Aster Agency, Inc., to claimant The Franklin National Bank of Long Island as security for a loan of $450,000.”
The claim was filed originally by Aster Agency, Inc., the fee owner of the property appropriated by the State of New York for purposes of the Wantagh-Oyster Bay Expressway. On May 27, 1956, the Franklin National Bank of Long Island loaned to the said Aster Agency, Inc., the sum of $450,000, and Aster Agency, Inc. executed an assignment to the bank.
The assignment instrument provides inter alia:
(a) “ Aster Agency, Inc. * * * does hereby pledge, assign, transfer and set over unto the assignee * * * the awards
(b) “ Together with all claims and moneys arising out of or in any way connected with the taking
(c) “ And the Assignor does hereby make, constitute and appoint the Assignee, its successors and assigns, its true and lawful attorney-in-fact, to ask, demand, sue for, collect and receive the said awards, claims and moneys and the interest thereon, and to give good and valid instruments of release * * # with full power of substitution and revocation in the premises.”
(d) “ and will cause such claims, awards, and damages to be paid to the Assignee, its successors and assigns, to the full amount of the obligations and liabilities of the Assignor herein to the Assignee herein, for which the said claims, awards and damages are pledged, assigned and transferred as collateral security.”
*46 Section 210 of the Civil Practice Act provides that every action must he prosecuted in the name of the real party in interest. An assignee has been held to be the real party in interest ‘ ‘ If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits ” (Cummings v. Morris, 25 N. Y. 625-627). In the case of Spencer v. Standard Chems. & Metals Corp. (237 N. Y. 479, 480-481) the court held: “ the plaintiff must have some title, legal or equitable, to the thing assigned. (Hays v. Hathors, 74 N. Y. 486). * * * The consideration paid, the purpose of the assignment, the use to be made of any proceeds collected is immaterial. (Allen v. Brown, 44 N. Y. 228; Meeker v. Claghorn, 44 N. Y. 349; Sheridan v. Mayor etc., of New York, 68 N. Y. 30; Brown v. Powers, 53 App. Div. 251.) But leg’al title or equitable interest he must have. ’ ’
Those parts of the assignment hereinabove referred to, read together, indicate that the assignment does not transfer unconditionally all of the claimant’s interest in the claim to the bank. Bather, it indicates an assignment of the award as security for the loan. Indeed claimant’s moving papers allege that the claim was assigned as security for a loan of $450,000. Further, on page 6 of the assignment, it is stated: ‘1 This assignment, and the awards, claims, moneys and damages hereby assigned, are and shall be deemed to be collateral to secure the obligations and liabilities, present and future (now existing and/or which may hereafter arise or be incurred) of the Assignor herein to the Assignee herein, its successors or assigns.”
The claimant has not been divested of all control and right to the cause of action and is therefore the real party in interest (Michael v. State of New York, 192 Misc. 464, mod. 192 Misc. 478, affd. 276 App. Div. 806). Consequently, the Franklin National Bank of Long Island is not a proper party to the proceeding.
Furthermore, it does not appear to this court that the intervention of the Franklin National Bank of Long Island is necessary for the determination of the within claim, and, in the absence of such necessity, there is no occasion for adding it as a coclaimant. (Thellusson v. State of New York, 176 Misc. 301.)
The said bank may file the alleged assignment with the Comptroller of the State of New York and further pursue its rights deriving from the assignment as it may be advised by counsel.
The motion is denied. Submit order.