■ EAST RIVER SAVINGS BANK, Appellant-Respondent, v. ROSARIO GIAN-GRASSO et al., Defendants, and FRANK A. DUGAN, as Receiver, Respondent-Appellant, and PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Respondent.— Order denying plaintiff's motion to strike the answer of the

defendant Dugan, as receiver, unanimously reversed on the law, and plaintiff's motion granted, without costs. In this action to foreclose a mortgage on real property, the lien of the mortgage is prior to the lien of the judgment of the defendant President and Directors of the Manhattan Company. The judgment debtor of said defendant was the owner of the property when the defendant Dugan was appointed receiver thereof in proceedings supplementary to said judgment. Plaintiff was not a party to the action or proceedings resulting in the receivership and the lien of its mortgage is unaffected thereby. (*Raht* v. *Attrill*, 106 N. Y. 423; *Matter of Smith* v. *Meader Pen Corp.*, 255 App. Div. 397, 399, affd. 280 N. Y. 554.) The right to and the amount of the compensation and reimbursement for expenses of the receiver are matters for determination in the action in which he was appointed. (*Dailey* v. *Gidinsky*, 293 N. Y. 889; *Thellusson* v. *State of New York*, 176 Misc 301; Civ. Prac. Act, §§ 804-a, 1547.) Order denying the motion of said defendant to determine the responsibility for administration expenses of the receivership unanimously affirmed, without costs. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.