Alexander Del Giorno, J.
This is a motion for an order dismissing the claim of Gerosa Roads, Inc., one of the claimants herein, upon the ground that the claim does not state a cause of action.
*579 The claim alleges, in paragraph No. 30 thereof, as follows: “That heretofore and prior to the filing of said Notice of Intention to.File a Claim, the claimant A. E. Ottaviano, Inc., duly assigned to the National Bank of Westchester, and thereafter to Knox, Lent and Tucker, Inc., all of its right, title and interest in and to the retained percentages and sums withheld by the defendants and payable to it upon the receipt of the final payment under said contract, and to Cerosa Roads, Inc., an interest in any sums recovered by A. E. Ottaviano, Inc., herein by way of award and judgment, to the extent of advances made by Cerosa Roads, Inc. to the said A. E. Ottaviano, Inc. under agreements heretofore executed by them
The assignment to Cerosa Roads, Inc., of the interest in any sums recovered by A. E. Ottaviano, Inc., has not been recorded in the office of the Comptroller.
An assignee may prosecute a claim if, as between him and his assignor, the transfer is complete, so that the assignor is divested of all control and right to the cause of action, and the assignee is entitled to control it and to receive its benefits. (Cummings v. Morris, 25 N. Y. 625, 627.) The consideration paid, the purpose of the assignment, the use to be made of any proceeds collected are immaterial. (Allen v. Brown, 44 N. Y. 228; Meeker v. Claghorn, 44 N. Y. 349; Sheridan v. Mayor, 68 N. Y. 30; Brown v. Powers, 53 App. Div. 251.)
The assignment herein fails to indicate that all of the assignor’s interest in the claim is transferred to the assignee. It is an assignment only of an interest in any sums which may be recovered by the assignor to the extent of advances made by the assignee, and hence it is a mere executory interest. The assignor A. E. Ottaviano, Inc., did not divest itself of all control and right to the cause of action, but rather is prosecuting its claim. The assignee Cerosa Roads, Inc., therefore is not a proper party to the proceeding. (Aster Agency v. State of New York, 12 Misc 2d 44; Michael v. State of New York, 192 Misc. 464, mod. 192 Misc. 478, affd. 276 App. Div. 806.)
Nor is Cerosa Roads, Inc., a necessary party for the determination of this claim, and in the absence of such necessity it cannot remain as a claimant. This court has no jurisdiction to pass on the merits of a controversy over the proceeds of a judgment, either before or after its entry, nor may it take jurisdiction by giving recognition to a document as an assignment of a claim which actually is an assignment of proceeds of a judgment. (Thellusson v. State of New York, 176 Misc. 301.)
*580 Gerosa Roads, Inc., may file the alleged assignment with the Comptroller of the State of New York and further pursue its rights deriving from the assignment as it may be advised by counsel. The motion is granted.