■ WINIFRED B. MATHERSON, Respondent, v. JEAN MATHERSON, Individually and as Executrix of ROBERT MATHERSON, JR., Deceased, Appellant.— Order of the Supreme Court, Suffolk County, dated May 2, 1968, which denied defendant's motion to dismiss the complaint, reversed, on the law and the facts, with $10 costs and disbursements, and complaint dismissed. In this action plaintiff seeks a declaratory judgment that she was the lawful wife of the decedent at the time of his death; that defendant is not the decedent's lawful widow; and that a Mexican decree of divorce procured by the decedent against plaintiff was a nullity. Prior to the commencement of this action, plaintiff petitioned the Surrogate's Court, New York County (alleging that she was the surviving spouse of the decedent), for an order relieving her from her default in filing her election to take against the decedent's will and authorizing the making of such election pursuant to the provisions of EPTL 5–1.1. Defendant opposed that application upon the ground, *inter alia*, that there was in effect a subsisting separation agreement wherein plaintiff had relinquished her right to take against the will; and that there was in effect a valid Mexican decree of divorce between plaintiff and her former husband (the decedent). The Surrogate found that plaintiff had duly executed a power of attorney submitting herself to the jurisdiction of a tribunal in Mexico; that the decedent had appeared in person in that jurisdiction; that plaintiff had appeared therein through her attorney in fact;

and that a valid decree of divorce had been granted in favor of the decedent. These findings, he held, were supported by documents annexed to the papers submitted in opposition to plaintiff's application to open her default in filing her election. He determined that the separation agreement was valid. Additionally, he stated that there was yet a more compelling reason for denying the relief requested because plaintiff was not a surviving spouse under EPTL 5-1.2 as there was in existence a valid divorce between her and the decedent. He further stated: " The papers in opposition raise no doubt about the fact that the decedent appeared personally in Mexico late in October, 1962, and that the petitioner appeared there through her attorney in fact. In that circumstance petitioner cannot be a surviving spouse and this application must be denied. The petitioner had sufficient opportunity to file an election during the six-month period, if indeed that right were available to her. Upon [t]his application to relieve her of her default the lack of merit to her cause is apparent from the moving papers and the papers in opposition thereto. The duly executed separation agreement in the first instance and more importantly her lack of status as a surviving spouse require a denial of this application ". No appeal was taken from the Surrogate's order which finally determined that there was no reasonable cause shown to warrant granting relief to plaintiff because, *inter alia,* she did not qualify as a surviving spouse, there being in existence a valid foreign decree of divorce. While the Surrogate held that collateral attack was not permitted on the validity of the Mexican divorce, perhaps erroneously (*Schoenbrod* v. *Siegler,* 20 N Y 2d 403), he determined the issue as to the validity of the foreign decree. He did not decline, as stated by Special Term, to entertain jurisdiction as to that issue. In *Statter* v. *Statter* (2 N Y 2d 668, 673) it was stated that the essence of *res judicata* is the fact that a court has already been presented with the subject sought to be litigated and has rendered a judicial determination thereon. In our opinion, a determination in one action or proceeding is conclusive as to any issue litigated and also is conclusive as to any issue that might have been litigated when the issues in the respective actions or proceedings are so identified that a different determination in one would destroy or impair rights or interests established in the other. Accordingly, we hold that plaintiff is collaterally estopped from prosecuting this action. Christ, Acting P. J., Brennan and Hopkins, JJ., concur; Benjamin and Munder, JJ., dissent and vote to affirm the order.