■ In the Matter of the Estate of LUIGI RAPPUZZI, Deceased. INEZ PAGANELLI et al., Appellants; ALICE C. PAVERO, Respondent.—Order of the Surrogate's Court, Kings County, entered March 28, 1975, affirmed, without costs. Under the circumstances here the order under review resulted from a valid and fair exercise of discretion by the Surrogate in a civil contempt proceeding. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ In the Matter of the Arbitration between JAY A. ROSENBLUM, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated May 2, 1975, which granted the application. Order reversed, on the law, with $50 costs and disbursements, and petition dismissed on the merits. The use of the word "claimant" in subdivision 2 of section 675 of the Insurance Law, as well as the wording employed in the approved form arbitration clause to be incorporated in minimum "no-fault" insurance coverage (see 11 NYCRR 65.2) evidences the Legislature's intent to permit assignees of medical claims against insurance carriers pursuant to the "no-fault" scheme to avail themselves of the right the assignors might have to binding arbitration on disputed claims. Nothing in the wording of the statute or in the public policy of the State would appear to preclude such a statutory construction. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.