Bernard F. McCaffrey, J.
The threshold issue to be determined in this matter is whether, under the provisions of sections 670 and 671 of the Insurance Law, Central General Hospital, as health services provider to Keith Hersey, and assignee of the health benefits, has the sole right under the New York Automobile Reparations Act (no-fault) (Insurance Law, § 670), to the exclusion of the infant petitioner, Keith Hersey, who was comatose at the time and his father who, at *517 the direction of the hospital admitting clerk, signed the assignment of medical benefits, to arbitrate this matter.
Thus, on September 20, 1976, Keith Hersey, the 17-year-old son of Charles Hersey, was admitted to Central General Hospital in a comatose condition, after sustaining very serious injuries in an automobile accident. Pursuant to the practice followed by the hospital, the admitting clerk obtained an assignment of insurance benefits. Since the patient was in a comatose condition and since he was under the age of 18 years at the time, the assignment was obtained from Charles Hersey, the father and natural guardian of Keith Hersey, on said date of admission.
Keith Hersey was confined to Central General Hospital from September 20 to October 22, 1976, and thereafter was transferred to Long Island Jewish Hospital where he remained as a patient from October 22 to November 9, 1976. On November 9, 1976, he was transferred to Brunswick Hospital Center where he remained until February 19, 1977. Since that date, he has been confined to the house, except for regular visits and treatments for rehabilitation, primarily to local physicians and Brunswick Hospital Rehabilitation Center, the latter of which he attends three days a week and will evidently continue to do so for some time in the future. The medical bills which have accumulated since the accident in question total in excess of $68,000.
The automobile being operated by Keith Hersey was owned by his father, Charles Hersey, and was insured by the Empire Mutual Insurance Company for a no-fault endorsement in the sum of $100,000. In March of 1977, Empire Mutual denied no-fault payments on the ground that Keith Hersey was operating a motor vehicle while in an intoxicated condition within the meaning of section 1192 of the New York Vehicle and Traffic Law.
On March 7, 1977, a demand for arbitration against Empire Mutual Insurance Company was sent to the American Arbitration Association on behalf of petitioner, Keith Hersey, for the failure of said company to pay the no-fault benefits claimed. Receipt of this demand on March 8, 1977 was thereafter acknowledged. In a letter, also dated March 7, 1977 and received by the American Arbitration Association on March 11, 1977, Central General Hospital submitted a claim into arbitration under the no-fault portion of the same insurance policy of Charles R. Hersey, requesting no-fault payments to *518 Central General, as health service provider and assignee of medical benefits due Keith Hersey.
In a statement addressed to the American Arbitration Association dated March 10, 1977, Charles Hersey served notice of his intention to limit or revoke assignments to all providers of health service.
On March 17, 1977, the American Arbitration Association advised the attorney for Central General that as to his lack of response the American Arbitration Association would be proceeding to arbitration with the attorney for Keith Hersey, the claimant. Central General then moved by order to show cause to stay the arbitration between Keith Hersey and Empire Mutual, which motion is before this court. A cross motion was brought on by Charles Hersey, father of Keith Hersey, for an order removing the stay of arbitration between Keith Hersey or his representative and Empire Mutual Insurance Company, directing that Charles Hersey, as parent and natural guardian of the infant, Keith Hersey, have the sole right to arbitrate the no fault benefits, directing the completion of the arbitration filed by Charles Hersey, as parent and natural guardian of the infant, Keith Hersey, against Empire Mutual Insurance Company and permanently staying any arbitration between Central General Hospital, as assignee, and Empire Mutual.
The assignment executed by Charles Hersey, as parent and natural guardian of his then comatose infant son, reads as follows: "assignment of insurance benefits: I hereby authorize payment directly to the above named hospital of the hospital expense beneñts otherwise payable to me but not to exceed the hospital’s regular charges for this period of hospitalization. I understand that I am financially responsible to the hospital for the charges not covered by my Group Insurance Plan.” (Emphasis supplied.)
The court notes that under certain conditions, as where a claimant refuses or neglects to pursue a claim, the assignees of medical claims against insurance carriers pursuant to a no-fault policy should be permitted to avail themselves of the right which the assignors might have to binding arbitration of disputed claims. (Matter of Rosenblum [Government Employees Ins. Co.], 50 AD2d 607.) However, in the instant case, the assignment evidenced by the wording found in the hospital form is not a complete transfer of all rights possessed by the assignor. Rather, such assignment is explicitly referable to the direct payment to the assignee of the hospital expense *519 benefits otherwise payable to the assignor. The assignor, Charles Hersey as parent and natural guardian of Keith Hersey, an infant, made an assignment only of an interest in any sums which may be recovered by the assignor in the prosecution of his claim against Empire Mutual Insurance Company. He did not divest himself of all control and right to direct such prosecution and to proceed to arbitration. (Ottaviano, Inc. v State of New York, 41 Misc 2d 578.) The issue of the purported revocation of the assignment then becomes moot, since said assignment, even if unrevoked, did not to the exclusion of the Herseys operate to establish Central General Hospital as the sole proper party to pursue the arbitration of this claim (cf. Aster Agency v State of New York, 12 Misc 2d 44) especially in view of the fact that the claimant himself is pursuing arbitration of the claim.
The claimant, Keith Hersey, had incurred a substantial amount of medical bills totaling to date in excess of $68,000. The substantial liability question to be determined at the arbitration hearing is a matter far in excess of the interest of Central General Hospital, one of many health services providers. The claimant could sustain a fatal prejudice by being deprived of the representation of his own counsel, and there would be no prejudice to Central General since, even in light of a valid revocation of assignment in this case, said revocation does not extend to the authorization for the direct payment of bills by the insurer to the provider of health services. Thus, the lien upon insurance proceeds possessed by Central General is preserved; as is the lien of any other provider of health services for which an assignment of benefits was executed.
The original assignment of benefits executed by Charles Hersey in no way relieved him of personal liability for payment of medical bills in the event that the claim against Empire Mutual on behalf of his infant son was denied. Furthermore, Central General’s claim, which is even less than the $25,498.29 claim of Brunswick Hospital, amounts to less than 25% of the medical bills accumulated to date for the treatment of Keith Hersey. An adverse determination after arbitration would work a much greater prejudice to Charles Hersey than to Central General in that Charles Hersey would remain personally liable to all providers of health services for an amount in excess of $68,000 — far beyond the $16,312.75 claim of Central General.
*520 The right of a party to counsel of his own choosing is an important one, and particularly where there are substantial personal or property rights involved, he should not be deprived of this right.
In this instance the petitioner, Herseys’ counsel affirms that they have conducted an extensive investigation and preparation for the arbitration, including contacts with the police officer who responded to the accident siren, and obtaining a statement from the medical doctor who initially treated Keith Hersey, to the contrary of respondent, Central General’s papers which are devoid of any investigation or preparation in this matter.
The court finds that the American Arbitration Association properly determined to proceed to arbitration with the petitioner, Charles Hersey, as parent and guardian of Keith Hersey.
The motion of Central General Hospital for a stay of arbitration between Keith Hersey by his parent and natural guardian, Charles Hersey, and Empire Mutual Insurance Company relative to the no-fault claim made against said company, is denied.
The cross motion of Charles Hersey for removal of the stay of arbitration between Keith Hersey, or his representative, and Empire Mutual Insurance Company, is granted. All additional relief requested under this cross motion is referred to the arbitration hearing for determination.