■ In the Matter of MAX BERKOWITZ, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.—In a proceeding to modify an arbitration award, the Government Employees Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, dated March 2, 1979, as modified the award by granting interest to the petitioner. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. The petitioner sought arbitration for (no-fault) benefits claimed under section 671 of the Insurance Law. The arbitrator determined that the petitioner was entitled to wage loss benefits of $8,946, less offsets received by him as payments for Social Security disability benefits, leaving a balance due to the petitioner in the sum of $1,746. Although no interest was allowed by the arbitrator, he granted attorney's fees in the sum of $1,000. Special Term modified the award by granting interest at the rate of 2% per month as prescribed under subdivision 1 of section 675 of the Insurance Law and the appellant disputes that modification. We agree that the statute requires the award of interest. Subdivision 1 of section 675 of the Insurance Law provides that first-party benefits "are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained." The statute then states that "All overdue payments shall bear interest at the rate of two percent per month", and that "If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney's reasonable fee". The arbitrator's award did not find that the claim was not overdue; indeed, by awarding attorney's fees to the petitioner, he found implicitly and unmistakably that the claim was overdue. The statute's express direction that interest shall be payable on overdue claims then came into play. The objective of the statute is to assure the prompt and full payment for economic loss (*Montgomery v Daniels,* 38 NY2d 41, 55). "The failure to comply with this clear directive qualifies the unpaid benefit as 'overdue' and, in turn, mandates interest on the now past due claim 'at the rate of two percent per month' plus 'his attorney's reasonable fee' " (*Matter of Simmons [Government Employees Ins. Co.],* 59 AD2d 468, 472). Hence, Special Term was correct in adding interest to the award. Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.