OPINION OF THE COURT
Benjamin F. Nolan, J.
On February 16, 1979, plaintiff brought this action pursuant to article 18 of the Insurance Law to recover no-fault benefits plus statutory interest and reasonable attorney fees because after a timely application had been made and appropriate proofs furnished defendant insurance carrier (Aetna) failed to pay him $3,422.50 in hospital and doctor expenses incurred when he sustained personal injuries in an accident on October 23,1977, resulting from the use and operation of a motor vehicle covered for liability by a policy of insurance issued by Aetna.
Aetna’s answer alleged as a first affirmative defense that at the time this action was commenced there was another suit pending for a portion of the claim underlying this action. That suit was for $1,271.50 in hospital expenses incurred by plaintiff when he was a patient at the *126 Whitestone General Hospital after the accident. The suit was brought against Aetna by the Whitestone General Hospital in a no-fault arbitration proceeding under an assignment executed by plaintiff while he was a patient at the Whitestone General Hospital.
In a second affirmative defense, Aetna denied coverage, alleging that the motor vehicle involved in the accident was a replacement for the insured vehicle and had not as yet been lawfully registered with the Department of Motor Vehicles at the time of the accident.
On May 25, 1979, an award was rendered in the no-fault arbitration proceeding in favor of the Whitestone General Hospital against Aetna. Thereafter, Aetna brought a proceeding in the New York County Supreme Court (Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp., Index No. 16424/79) to vacate the arbitration award. In an order entered on October 2, 1979, the Supreme Court dismissed the petition and confirmed the award.
Thereafter, plaintiff moved in this court to dismiss both of the affirmative defenses. By order, dated January 10, 1980, another Civil Court Judge struck the first affirmative defense, holding that the “hospital form which was signed by plaintiff * * * does not constitute an assignment to the hospital” and that since “plaintiff is not a party to the arbitration proceeding * * * the outcome thereof is not binding on the plaintiff and does not compromise his claim against the Aetna policy.” The Civil Court Judge refused to strike the second affirmative defense, saying that “a factual issue is posed as to whether the language of (Aetna’s) disclaimer of coverage * * * is consistent with the language of its second affirmative defense.” On appeal, Appellate Term, First Department, in Vazquez v Aetna Cas. & Sur. Co. (NYLJ, Jan. 27, 1981, p 5, cols 1-2) upheld the assignment, saying:
“We construe the hospital insurance form executed by plaintiff, authorizing payment directly to the hospital of group insurance benefits ‘otherwise payable’ to him, as an assignment of first party benefits due plaintiff as a covered person under the subject policy and the Comprehensive Auto Insurance Reparations Act (Insurance Law, Sec. 671, *127 subd. 2, 10). It is a routine practice for hospitals and other health care providers to take assignments to protect their bills for services rendered, and this is mainfestly what was intended here; in fact, the regulations of the Department of Insurance authorize insurers to pay no-fault benefits directly to the providers of services ‘upon assignment’ (11 NYCRR 65.6 [i] [1], 65.15 [i] [1]).
“Generally, the assignee of a claim is the real party in interest and he alone can bring suit; the assignor loses control over the chose when he makes the assignment (6 N. Y. Jur. 2d, Assignments, Sec. 71). And it has been expressly held that assignees of claims for first party benefits under the no-fault law may avail themselves of the right their assignors had to arbitrate disputed claims (Matter of Rosenblum, 41 N. Y. 2d 966). Under certain circumstances, an insured who has given assignments to various health care providers has been permitted to arbitrate liability questions himself because his own interest outweighed that of any single assignee (Central General Hospital v American Arbitration Association, 91 Misc. 2d 516). But where the assignee has proceeded to arbitration first, and that proceeding is not stayed, and an award is thereafter made and confirmed, it is too late for the insured to relitigate the same claim in his own action. Moreover, only one claim exists for the hospital bill, and we are informed that the claim has been satisfied in full. If plaintiff’s assignee has already recovered the full amount of its bill, justice dictates that no recovery be allowed.”
Plaintiff now moves for summary judgment, seeking judgment for $2,151, which is the balance of the original claim for $3,422.50 after reduction by the $1,271.50 in hospital expenses which Appellate Term held to have been validly assigned by plaintiff to the Whitestone General Hospital and which was the subject of the award in arbitration. Plaintiff contends that he is entitled to summary judgment because all of the facts are either admitted or documented in the moving papers and not contradicted in the opposing affirmation. He further claims that he is also entitled to summary judgment on the theory of collateral estoppel because the no-fault arbitration award and the *128 confirmation thereof in the Supreme Court conclusively determined the issues in this case in his favor.
The issues of liability and coverage are identical in both lawsuits. Aetna is the defendant in each. The claims in both are part of plaintiff’s claim for all of the hospital and medical expenses he incurred in the same motor vehicle accident. In the arbitration proceeding, plaintiff’s assignee sued for payment of a portion of plaintiff’s claim. In the case at bar, plaintiff now seeks summary judgment for the balance of his claim. If plaintiff had not assigned a portion of his claim to the Whitestone General Hospital, there would have been no arbitration proceeding, since the entirety of plaintiff’s claim would have been disposed of in the case at bar.
In opposing this motion, Aetna relies upon the recent Court of Appeals decision in Gilberg v Barbieri (53 NY2d 285) where collateral estoppel effect was denied. But, Gilberg has to be distinguished from the case at bar because the earlier case in Gilberg was a criminal action. (People v Berkowitz, 50 NY2d 333; S. T. Grand, Inc. v City of New York, 32 NY2d 300; Schindler v Royal Ins. Co., 258 NY 310.) Equally unavailing is Aetna’s contention that collateral estoppel must be denied when the parties in both proceedings are not identical. That theory, known as mutuality of estoppel, used to be the law in this State, but the Court of Appeals eventually did away with it (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65; B.R. DeWitt, Inc. v Hall, 19 NY2d 141). Now, the party asserting the applicability of collateral estoppel must show that there is an identity of issues between the two actions “despite the apparent difference in parties” (Gerson-Ogden, Inc. v Tempo Communications, 85 AD2d 550, 551), but it must nevertheless be shown that “the nonparty against whom the finding would be used has such a relationship * * * in the proceeding that it can be said that the two are in privity” (Baldwin v Brooks, 83 AD2d 85, 88, citing Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 486). Here, the defendant (Aetna) is the identical party against which the award was rendered in the arbitration, and, in fact, even the plaintiff in this action is in privity with his assignee who sued and won the award in the *129 earlier no-fault arbitration proceeding. (See Malloy v Trombley, 50 NY2d 46; Matter ofNewsday, Inc. v Ross, 80 AD2d 1, 5.)
Collateral estoppel is applicable to issues resolved by arbitration (Rembrandt Inds. v Hodges Int., 38 NY2d 502; DeMartini v Bertram Garden Apts., 138 NYS2d 659, 660). A no-fault arbitrator’s award is entitled to the same collateral estoppel effect as other arbitration awards (Kilduff v Donna Oil Corp., 74 AD2d 562; Matter of Government Employees Ins. Co. v Kozlowski, 62 AD2d 1056). Moreover, they need not be confirmed or reduced to judgment before they will be accorded such respect (Hilowitz v Hilowitz, 105 Misc 2d 384). Of course, where the award has been confirmed in a Supreme Court challenge (as was done herein), it is entitled to even greater respect. A judgment entered upon an arbitration is a judgment upon the merits (Matter of Springs Cotton Mills, 275 App Div 196, affd 300 NY 586) although, in determining whether to give that determination conclusive (collateral estoppel) effect, the court has the power to say whether Schwartz standards have been violated (Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184; Rembrandt Inds. v Hodges Int., supra; Kilduff v Donna Oil Corp., supra).
Collateral estoppel may be applied offensively as well as defensively (Parklane Hosiery Co. v Shore, 439 US 322; B.R. DeWitt, Inc. v Hall, supra; cf. Baldwin v Brooks, supra), although there is a line of personal injury negligence cases in which collateral estoppel effect has been denied to favorable awards in earlier no-fault arbitration proceedings due to the complexities of parties and subtle differences in issues. (Shayne and Dachs, Collateral Estoppel, Res Judicata Effect of Arbitration Awards, NYLJ, Nov. 24, 1981, p 1, col 1; Shanley v Callanan Inds., 54 NY2d 52.) The case at bar is not a personal injury negligence action; it is, instead, an action by an insured to recover no-fault first-party benefits from an insurer as an indemnitor under contract provisions mandated by the Insurance Law. There is no obstacle to the application of collateral effect to the earlier favorable arbitration award, since the defendant and the issue in both are identical, as *130 long as defendant Aetna had a full and fair opportunity to litigate the issue in the arbitration proceeding.
On this motion, defendant argues that it did not have a full and fair opportunity to litigate the determination in the prior arbitration proceeding because it concluded that the arbitration proceeding was a minor matter, that it did not have any statutory or constitutional right to insist upon a rigid application of the rules of evidence, and that this court could reasonably expect that it did not defend in arbitration as vigorously as it should have. This assertion is made in conclusory fashion, unsupported by any evidentiary proofs. In fact, the precise words used by Aetna have been extracted verbatim from the opinion of the Court of Appeals in Gilberg v Barbieri (supra, at p 293). The conclusions embodied in those words were justified in that case because of the existence of factors very much different from those in the case at bar. In Gilberg, the earlier case was a criminal action, the parties and issues were not identical, and the tests of Schwartz v Public Administrator of County of Bronx {supra) were not met. But where, as here, the parties are identical or in privity and the issues are identical in both proceedings, this court has a right to regard Aetna’s argument herein with the same disdain that the Court of Appeals did in American Ins. Co. (Messinger — Aetna Cas. & Sur. Co.) (supra, p 192) where it said: “The suggestion is that because Aetna may not have really tried in the first arbitration, it should not be bound by the resulting award. This * * * is an unpersuasive and unattractive argument in a situation of issue preclusion between the same parties. We cannot visualize acceptance, for instance, of the conceptually parallel argument that a party against whom partial summary judgment has been granted in one action should be relieved of its consequences in a second action between the same parties because, lacking incentive in the first action, that party put up only a halfhearted defense and submitted nothing but its file and an incomplete or even sloppy affidavit in opposition to the motion. The consequences of issue preclusion between the same parties are not to be vitiated by lack of enthusiasm or effort on the part of the loser.” (Emphasis supplied.) Basically, collateral estoppel applies to all issues litigated *131 or which might have been litigated so long as the party in the prior proceeding had a full opportunity to establish his position (Vavolizza v Krieger, 39 AD2d 446, affd 33 NY2d 351; Matherson v Matherson, 31 AD2d 542, affd 26 NY2d 1036; Read v Sacco, 49 AD2d 471). In opposing plaintiff’s motion, it is defendant Aetna’s burden to submit evidentiary proof that it did not have a full and fair opportunity to litigate in the earlier arbitration proceeding the issue sought to be given collateral estoppel effect in this case (Zuckerman v City of New York, 49 NY2d 557) just as it is plaintiff’s burden to show that the issue in both proceedings is identical and was necessarily decided in the arbitration proceeding (B.R. DeWitt, Inc. v Hall, 19 NY2d 141, supra).
Aetna’s policy of insurance, as originally written, covered a Chevrolet motor vehicle owned by one Sonia Vazquez. On October 21,1977, the owner sold the Chevrolet and purchased a Cadillac as a replacement vehicle. On the same day, the owner submitted to her broker a policy change request for the replacement vehicle, and the broker gave her a temporary insurance identification card which specifically indicated that coverage of the replacement vehicle was “effective in accordance with the provision of (Aetna’s) policy.” Also, on that same day, the owner obtained a temporary registration for the replacement vehicle from the Department of Motor Vehicles. Two days later, on October 23, 1977, plaintiff was involved in a motor vehicle accident while operating the replacement vehicle. At the time of the accident, a permanent registration had not as yet been issued for the replacement vehicle. Plaintiff’s suit here is for reimbursement for the hospital and medical expenses he incurred as a result of that motor vehicle accident.
Aetna refused to pay plaintiff’s claim, arguing that the broker had no right to bind it and was not its agent; and further, that the New York automobile insurance plan for assigned risks, which was operative at the time of the accident, provides that coverage is not effective until the issuance of a permanent registration for the replacement vehicle.
*132 The no-fault arbitrator found that Aetna was responsible for bearing the burden of plaintiff’s claim. In his written opinion, the arbitrator stated that, “at the time of the accident the owner had an insurance card with Aetna listed as insurer”; that, there was “no production of the broker or owner by Aetna”; that, “the New York Automobile Plan states that coverage shall be effective in accordance with the provisions of the policy or upon the issuance of a legal registration * * * whichever is earlier”; that, “the policy provisions were not put in evidence”; and that, “although respondent Aetna argued that coverage is effective upon issuance of a ‘permanent registration’ the plan says ‘legal registration’ and nothing has been submitted to support the view that a temporary registration is not a legal registration.” When Aetna thereafter appealed the arbitrator’s determination, the Supreme Court rejected Aetna’s challenge and confirmed the arbitration award, saying: “The arbitrator’s opinion sets forth many grounds for his conclusion, and has shown a rational basis for his determination.” Aetna did not appeal further.
Aetna also contends that it did not have a full opportunity to litigate in arbitration because the rules of evidence there were extremely liberal. In other words, having had a greater than usual opportunity to present evidence, Aetna now argues that it should not be conclusively bound by its failure to offer in evidence its own insurance policy which was under its control and which it could have presented but saw fit not to present. Besides being incredible on its face, this contention gives rise to the suspicion that had the policy been placed in evidence it would not have aided Aetna — a suspicion which becomes fact upon examination of the copy of Aetna’s insurance policy which is attached to plaintiff’s moving affirmation as Exhibit “H”, and was supplied to plaintiff by Aetna under earlier discovery proceedings in this lawsuit.
Paragraph “6” of Aetna’s answer refers to subsection 3 of section 11 of the New York automobile insurance plan, relating to the coverage of replacement vehicles. The last sentence cited by Aetna provides that “coverage shall be effective in accordance with the provisions of the policy or upon the issuance of a legal registration by a New York *133 Motor Vehicle issuing office whichever is earlier” (Emphasis supplied.) Therefore, according to Aetna’s own defense, whether or not the vehicle was registered after the accident would be immaterial if the existing policy of insurance provides for coverage at an earlier date. Under the “Liability Coverage” heading of the policy an “owned automobile” is defined as “(a) a private passenger * * * automobile described in this policy for which a specific premium charge indicates that coverage is afforded”, and “(c) a private passenger automobile, ownership of which is acquired by the named insured during the policy period, provided (1) it replaces an owned automobile as defined in (a) above.” Accordingly, the replacement vehicle involved in the accident was covered pursuant to the terms of the policy upon its acquisition by the insured, and was thus insured under the Aetna policy at the time of plaintiff’s accident.
In Schwartz v Public Administrator of County of Bronx (24 NY2d 65, 72, supra) the Court of Appeals said: “A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation.”
There is a reasonable relationship between the size of the claim ($1,271.50) in arbitration and the claim of $2,151 in this action. From the precedents cited (supra) it is clear that no-fault arbitration was an appropriate forum to produce an award capable of being given collateral effect in this action. Initiative was satisfactorily demonstrated, and the issues sufficiently litigated in the arbitration, as noted in the arbitrator’s opinion and the Supreme Court confirmation. Aetna’s counsel in the arbitration is the same counsel who prosecuted the Supreme Court challenge and is the same counsel who defends for Aetna in the case at bar. He is competent and experienced in this special area of the law. New evidence is not raised as an issue, and since there was no jury, a compromise verdict was not a possibil *134 ity. The applicable law is identical in both proceedings. Finally, future litigation was foreseeable because this action had already been commenced against Aetna when plaintiff’s assignee brought suit against Aetna in the no-fault arbitration. Clearly, Schwartz standards were not violated.
Accordingly, the award in arbitration is entitled to collateral estoppel effect and shall be applied conclusively to this action; so that, plaintiff’s motion for summary judgment is granted. But, apart from collateral estoppel, plaintiff is entitled to summary judgment because the proofs which defendant submitted were not sufficient to defeat this motion. The record reflects that all issues of fact have been admitted, are documented, or are uncontradicted, and all issues of law are resolved in favor of plaintiff, so that, there is no longer any defense to this action and no need for a trial.
The uncontradicted records, reports and bills attached to plaintiff’s moving papers entitle plaintiff to judgment in the principal sum of $2,151 for the hospital and doctor bills furnished to Aetna on June 26, 1978. Pursuant to subdivision 1 of section 675 of the Insurance Law, payment became due 30 days thereafter; so that, plaintiff is additionally entitled to interest pursuant to the same section at the rate of 2% per month from June 26,1978. This assessment of interest is mandatory (Matter of Berkowitz v Government Employees Ins. Co., 72 AD2d 794). The same statutory provision also provides for the assessment of plaintiff’s reasonable attorney fees; and, since the same are unliquidated, a hearing shall be held to determine their precise amount. Plaintiff is also entitled to the costs and disbursements of this action.