OPINION OF THE COURT
Stanley Harwood, J.
Motion for an order pursuant to CPLR 7511 to vacate the modification of award of the arbitration dated May 26, 1982, and the award of the master arbitrator dated September 22, 1982 is denied. Those awards are hereby confirmed pursuant to CPLR 7511 (subd [e]).
Subdivision 1 of section 675 of the Insurance Law provides that first-party benefits under the No-Fault Insurance Law “are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained.” The statute also provides that overdue payments shall bear 2% monthly interest and that attorney’s fees shall be awarded where a valid claim is overdue and unpaid at the time the attorney was retained to pursue the overdue claim. Thus, if attorney’s fees are awarded, an award of interest is also called for. (See Berkowitz v Government Employees Ins. Co., 72 AD2d 794.)
*642 Following an automobile accident in September, 1979, respondent made claims for no-fault insurance benefits. Petitioner paid, inter alia, lost earning benefits from that time until February 18, 1980, at which time it denied future benefits based on the report of petitioner’s expert, who, after examination of respondent, determined that she was able to return to work. Respondent retained an attorney and on October 19, 1981, served a demand for arbitration seeking an award for loss of earnings from February 18, 1980 through October 2, 1980, plus partial loss of earnings through December, 1980. The arbitration was referred to the American Arbitration Association which entered an award in the amount of $3,264 to respondent plus $500 in attorney’s fees. The arbitrator declined to award interest, finding that petitioner’s “disallowance of benefits as of February 18,1980 was based on [its expert’s] report as well as the fact that a disability certificate from [respondent’s physician] indicating continuing disability up to October 9, 1980 was not in their possession.”
Both parties sought reconsideration by the arbitrator, respondent contending that inasmuch as an award of attorney’s fees was made, an award of interest was mandatory. Petitioner asserted that the award of attorney’s fees was improper because, it contends, the arbitrator specifically found the claim was not overdue. On May 26, 1982; the arbitrator granted the requests for modification and determined that interest would be awarded as mandatory and that no change would be made regarding counsel fees. The arbitrator noted that the “original decision was based on the totality of all evidence produced and not solely upon [respondent’s physician’s] last disability certificate”.
Petitioner requested review by the master arbitrator, contending that the arbitrator did not have the power to amend the award. On September 22, 1982, the master determined that the original award was imperfect and was simply corrected (see CPLR 7511, subd [c]; 11 NYCRR 65.17) and that had it not been “it would be incumbent upon the Master Arbitrator to either eliminate the attorney’s fees on the original award or to grant this interest. Since the arbitration has indicated after hearing that interest should be allowed I would have awarded this *643 interest at any rate”. This proceeding ensued, petitioner again contending that the arbitrator’s modification of May 26,1982 was not a simple correction of an award imperfect in form, but rather was an error of law, and therefore not one of the grounds for modification permitted by CPLR 7509 and 7511 (subd [c]). Petitioner now seeks only reinstatement of the original award, but does not specifically allege that the master arbitrator, too, exceeded his authority.
The authority for arbitration of claims for no-fault benefits is derived from section 675 of the Insurance Law and is limited by CPLR article 75 only to the extent that the regulations promulgated by the Superintendent of Insurance so provide. (Petrofsky [Allstate Ins. Co.], 54 NY2d 207.) Those regulations provide for modification of an arbitrator’s award solely through appeal to the master arbitrator. (11 NYCRR 65.17.) However, petitioner not only participated in the modification procedures before the arbitrator without objection (cf. CPLR 7511, subd [b], par 1, cl [iv]; see 11 NYCRR 65.17 [a] [1]), it affirmatively requested modification to the extent of seeking deletion of the attorney’s fee award as legally erroneous. It now seeks to vacate the amended awárd it implicitly authorized as beyond the power of the arbitrator, while ignoring the holding of the master arbitrator that had this error not been corrected by the arbitrator, it would have been incumbent upon the master to do so. The regulations permit the master arbitrator to review, inter alia, on the ground that the award was incorrect as a matter of law, at least in expedited arbitration proceeding (see 11 NYCRR 65.16 [c] [3] [i]; 65.17 [a] [4]) and the Court of Appeals has held that the master arbitrator had such power without limitation to expedite arbitration. (Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211, supra.) It is thus immaterial in this case whether the inconsistency in the original award is denominated as an imperfection in form or an error of law, or whether it is corrected by the arbitrator, the master arbitrator, or indeed by the court. (Cf. Berkowitz v Government Employees Ins. Co., supra.) Nor is there merit to petitioner’s implicit contention that the arbitrator amended his original factual determination. Although the language in the original *644 award is unclear, the arbitrator did not specifically state that the claim was not overdue (cf. Berkowitz v Government Employees Ins. Co., supra) and the award of attorney’s fees indicates that, notwithstanding the unclear language, he found otherwise. In short, there is no basis for vacatur of either the arbitrator’s amended award or the master arbitrator’s award.
In his opposing papers, respondent’s attorney requests an additional fee, affirming that he has rendered an additional four and one-half hours of legal services in opposing the petition. Respondent’s attorney is hereby awarded $350 for his fee in defending this proceeding. (Insurance Law, § 675, subd 1; see Matter of James [Criterion Ins. Co.], 59 AD2d 907.)