OPINION OF THE COURT
Duane A. Hart, J.
Rehab Medical Care of New York, P. C. (Rehab), as the assignee of Dor Vania, brings this action against Travelers Insurance Company (Travelers) to recover for medical services rendered to Ms. Vania under the “no-fault” provisions of the *141 defendant’s insurance policy. In anticipation of trial, the court, sua sponte, now seeks to determine whether Rehab has the standing to maintain this action.
As a result of injuries sustained pursuant to an automobile accident on June 8, 1998, Ms. Vania presented at Rehab. On or about June 17, 1998, Ms. Vania signed a form which the plaintiff contends to be an assignment, which, in pertinent part, reads:
“In consideration of services rendered or to (be) rendered, I hereby assign to the provider of services and/or his assignees so much of my first party no-fault automobile insurance benefits and rights, attendant thereto, as shall equal the full amount of the bill of such services and the provider or his assign may secure same in my name.
“I further understand if said sum is not collected, I will remain personally liable therefor.”
At the outset, it is now well settled that when parties purport to assign an interest, no special form or language is necessary to effect the assignment as long as the language shows the intention of the owner of the right to transfer it (see, Tawil v Finkelstein Bruckman Wohl Most & Rothman, 223 AD2d 52; American Banana Co. v Venezolana Internacional De Aviacion, 67 AD2d 613; see also, Leon v Martinez, 84 NY2d 83). This general rule is also viable if the assignment is of the type that is routine for health care providers who seek to protect their bill for services rendered (see, e.g., Vazquez v Aetna Cas. & Sur. Co., 112 Misc 2d 125). However, when the purported assignment is not a complete transfer of interests, the assignment must fail (see, Central Gen. Hosp. v American Arbitration Assn., 91 Misc 2d 516).
In the instant case, the assignment evidenced by the above form is not a complete transfer of all rights possessed by the assignor with regard to the recovery of benefits from the defendant insurer. The simple language of the form, when read in its entirety, indicates that Ms. Vania did not transfer all control and rights to direct any prosecution to Rehab. Indeed, because she remains liable for payment of her medical expenses, she retains a significant interest, possibly the primary interest, in the prosecution of any claim against the insurer and thus retains the right to arbitrate or to sue to recover benefits (see, Central Gen. Hosp. v American Arbitration Assn., supra).
As a general rule, the assignee of a claim is the real party in interest and she alone has the standing to bring suit. The as *142 signor loses control over the action when he makes the assignment (see, Gingold v State Farm Ins. Co., 168 Misc 2d 62). Here, because Ms. Vania will be required to reimburse Rehab should the defendant prevail in this action, the court finds that she has lost little, if any, interest in the outcome of this action. Furthermore, she will be estopped from asserting any claim against the defendant carrier (see, Vazquez v Aetna Cas. & Sur. Co., supra), although she remains primarily liable. Thus, because of her continued interest in the outcome of this action, the attempted assignment is voided (see, Central Gen. Hosp. v American Arbitration Assn., supra).
The plaintiff is not the proper party to bring the action; the motion is granted.
The action is dismissed.