EDWARD TEPER, Respondent, v. ANNA RACKMAN and BESS FALKOW, Appellants. — Defendants have appealed from an order of the Albany Special Term of the Supreme Court denying their motion for dismissal of the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that there exists a final judgment determining the cause of action stated in the complaint. On March 4, 1941, an automobile owned and operated by plaintiff collided with an automobile owned by the defendant Falkow and operated by the co-defendant, as a result of which it is said that plaintiff sustained personal injuries. Plaintiff had collision insurance and his insurance carrier brought an action in the Albany City Court against the defendant Falkow to recover the damages which it sustained as a result of damages to plaintiff's car. That action resulted in a verdict

of no cause of action. Plaintiff then brought this action against both defendants to recover for his personal injuries. Defendants in their answer asserted as an affirmative defense that the City Court judgment between plaintiff's insurance carrier and defendant Falkow constitutes a bar to the maintenance of this action and that the judgment in that action is res adjudicata. The Special Term held that such judgment is not res adjudicata. The plaintiff in this action was not a party to the prior action. He had no opportunity to litigate in that action the questions involved in the present action. The judgment in the City Court action does not bar the maintenance of this suit. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.