■ JOHN GIGLIO, Appellant, v. ABE HABER et al., Respondents.— In an action to recover damages for personal injury, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered February 18, 1963 after a jury trial, in favor of the defendants, dismissing the complaint at the close of plaintiff's evidence for failure of proof. Judgment modified on the law and in the exercise of discretion by adding a provision to the effect that the dismissal of the complaint against all the defendants is without prejudice. As so modified, the judgment is affirmed, without costs. The findings of fact below are affirmed. The record discloses that, at the end of plaintiff's case, the Trial Justice, on the ground that a prima facie case had not been proved, dismissed the complaint *with* prejudice. While the judgment does not state that the dismissal is with prejudice, it must be so construed here (Civ. Prac. Act, § 482; CPLR, rule 5013). In our opinion it was error to make the dismissal with prejudice, thus precluding the prosecution of a new action. Under all the circumstances disclosed in the record, it appears that proof is available to plaintiff which will readily enable him to establish a prima facie case. The complaint therefore should have been dismissed, without prejudice. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of the VILLAGE OF ROSLYN HARBOR, Appellant, v. HARRY BERGER, Respondent.— In a condemnation proceeding by the Village of Roslyn Harbor, pursuant to article 14 of the Village Law (§ 306 *et seq.*), to acquire the fee title for highway purposes to certain property known as "Old Back Road," allegedly owned by the defendant Berger and another, the village appeals from an order of the Supreme Court, Nassau County, dated February 20, 1963, which confirmed the report of a Special Referee who, after a nonjury trial of the question of title to and the status of said road, found that it was "no longer burdened [with] or subject to any highway use". Appeal dismissed, with $10 costs and disbursements, on the ground that the order is not appealable (see Village Law, § 321-1; *Matter of Incorporated Vil. of Hempstead [Federated Dept. Stores]*, 3 A D 2d 922). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.