■ THOMAS MILO, Appellant, v MARIE MILO, Respondent.—In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Queens County, dated December 15, 1976, which, *inter alia,* adjudged him in contempt of court for failing to pay alimony to the defendant (his former wife), for failing to pay counsel fees and for failing to turn over his stock in a restaurant corporation to defendant, who had been appointed receiver of plaintiff's real and personal property. Order modified, on the law, by deleting (1) the sixth decretal paragraph thereof, and (2) so much of the eleventh decretal paragraph thereof as pertains to the turning over of the shares of stock, and substituting therefor a provision denying the branch of defendant's motion which sought to compel plaintiff to turn over the stock of the restaurant corporation. As so modified, order affirmed, without costs or disbursements. Although defendant-respondent had been appointed receiver of plaintiff-appellant's property, the record does not show that she ever demanded the stock from plaintiff or that the court had ever directed him to turn it over to her. In these circumstances, his failure to take the initiative and give her his stock does not constitute contempt of court. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.

■ CAROLE MOCCIA, Respondent, v JOSEPH R. MOCCIA, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Orange County, entered November 19, 1976, which, *inter alia,* found him guilty of contempt, imposed a fine of $250 and directed that he be confined to prison for a period not to exceed 30 days. Order affirmed, without costs or disbursements, upon the opinion of Mr. Justice Donohoe at Special Term. Appellant's time to purge himself of the contempt is extended until 20 days after entry of the order to be made hereon. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.

■ MILTON A. PHILLIPS, Respondent, v JESSE J. PRESSWOOD, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated December 20, 1976, which granted plaintiff's motion to strike that portion of his answer which denied his involvement in the accident. Order reversed, without costs or disbursements, and motion denied. Plaintiff-respondent commenced this action based upon defendant-appellant's negligence in the operation of his car, claiming $250,000 in damages. Contemporaneously, plaintiff proceeded under the "no-fault" provisions of article 18 of the Insurance Law solely against defendant's insurer, which had failed to honor plaintiff's claim, and he demanded arbitration. A motion to stay arbitration was denied in New York County. The arbitration proceeding, of which defendant was not a party, culminated in an award in favor of plaintiff in the amount of $4,547.55, with interest, plus $1,728 as a counsel fee. That award was confirmed in the Supreme Court, New York County. Plaintiff then moved to strike that portion of defendant's answer herein which denied involvement of either his car or himself in the accident, on the ground that the determination of the arbitrator that defendant and his car were involved was *res judicata.* The motion was granted, without opinion, and defendant has appealed. Under the circumstances, wherein all matters not denied are deemed admitted, we believe that defendant would be seriously prejudiced by his inability at the trial to attempt to assert his noninvolvement in the accident. He had no interest in the outcome of the "no-fault" arbitration proceeding and, in all equity, is entitled to a trial by jury wherein his defenses can be heard. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.