■ Paula Kilduff et al., Appellants, v Donna Oil Corp. et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County, entered July 31, 1979, which granted the defendants' motion to dismiss the complaint and (2) an order of the same court, entered July 2, 1979, which denied the plaintiffs' motion for reargument of a decision. Appeal from the order dismissed, without costs or disbursements. No appeal lies from an order denying a motion to reargue a decision. Judgment affirmed, without costs or disbursements. The dispositive issue in this case is whether an arbitrator's decision, which denied plaintiff Paula Kilduff's (hereinafter plaintiff) claim for first-party benefits "without prejudice * * * to a renewal" upon the submission of certain evidence, requires the plaintiff to return to the arbitrator if she attempts to pursue the claim. In the circumstances of this case, we hold that the plaintiff's choice of forum is so limited.

I

On March 7, 1974 the plaintiff sustained injuries in an automobile accident with an oil truck owned by the corporate defendants and driven by the individual defendant. Her automobile liability carrier, Aetna Casualty Insurance Company, disputed her claim for first-party benefits, and the plaintiff submitted her claim to an arbitrator pursuant to subdivision 2 of section 675 of the Insurance Law. After a hearing, the arbitrator denied all of plaintiff's claims based on injuries other than those to her left shoulder and back areas. With regard to these latter injuries the arbitrator's opinion denied plaintiff's claim "without prejudice, however, to a renewal thereof

upon the submission by Dr. Weisberg [the general practitioner who treated the plaintiff] of an itemized statement indicating the following: 1) Which of the total visits and treatments related only to the injury to the left shoulder and the dates thereof and charges therefor; 2) A sworn statement explaining the reason for his not having ordered x-rays of the Claimant's injured portions of her body; 3) A sworn statement explaining the reason for his not referring the Claimant to a specialist for consultation to determine the reason for the protracted complaints of the Claimant over the three year period and still continuing." Special Term subsequently confirmed the arbitrator's decision. Prior to seeking arbitration, the plaintiffs had commenced but not prosecuted the instant action for personal injuries, etc. When arbitration proved unsuccessful they proceeded with this action. The defendants moved to dismiss the complaint on the ground that the arbitrator's decision had settled the matter and was binding upon the plaintiffs. The motion was granted "without prejudice to the defendant [sic] to go before the arbitrator and comply with his order". The plaintiffs appeal, *inter alia,* from the judgment entered on this decision.

## II

It is beyond dispute that the doctrines of *res judicata* and collateral estoppel are applicable to issues resolved by arbitration *(Rembrandt Inds. v Hodges Int.,* 38 NY2d 502). However, the assertion of either doctrine as a bar requires a "final judgment on the merits" (Siegel, New York Practice, § 444, p 589). Generally, an order dismissing an action "without prejudice" is not a final determination on the merits and does not bar the commencement of another action (see *Hansen v City of New York,* 299 NY 136). Thus, where a plaintiff has failed to establish a prima facie case, but it appears that proof which would support a prima facie case is available, the complaint should be dismissed "without prejudice" *(Giglio v Haber,* 19 AD2d 793). In the instant case, the determination sought to be asserted as a bar to a subsequent action is an arbitrator's denial of first-party benefits under the no-fault statutes. Part of the claim was denied in its entirety. We find that this was a final determination on the merits which bars further consideration of the same issues in a subsequent action. The remainder of the claim, based upon injuries to plaintiff's left shoulder and back areas, was denied "without prejudice" to renewal upon the submission of certain evidence by her doctor. The words "without prejudice" indicate that this was not a final determination on the merits and that a subsequent action should not be barred. However, the decision also evinces the arbitrator's intention to limit the forums in which a subsequent claim could be made. It is clear that the claim, if renewed, was to be brought before the arbitrator. Special Term agreed with this limitation and subsequently granted the defendants' motion to dismiss the complaint "without prejudice * * * to go before the arbitrator and comply with his order." Under these circumstances, we reject the plaintiffs' efforts to circumvent the arbitrator's decision. Plaintiff may renew her claim for injuries to her left shoulder and back, but only before the arbitrator upon compliance with his conditions. Accordingly, we hold that the complaint in the instant negligence action was properly dismissed. Mollen P. J., Hopkins and Titone, JJ., concur.

Mangano, J., concurs in part and dissents in part, with the following memorandum: I agree that the appeal from the order must be dismissed because no appeal lies from an order denying a motion to reargue a decision. However, I would modify the judgment by reinstating so much of the complaint as seeks relief (1) for pain and suffering and other nonmone-

tary detriment caused by injuries to plaintiff Paula Kilduff's (hereinafter plaintiff) left shoulder and back incurred in the March 7, 1974 automobile accident, and (2) for damages to her automobile. While collateral estoppel is applicable to issues resolved by arbitration (see *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502), the doctrine only attaches to final judgments on the merits. In the case at bar, so much of the arbitrator's decision as denied plaintiff's no-fault claim for left shoulder and back injuries "without prejudice" to a renewal upon the submission of certain evidence is not a final judgment on the merits. The court should adopt a reasonable interpretation of the words "without prejudice". I disagree with the majority that the decision of the arbitrator intended to limit plaintiff to a renewal of her claim in arbitration. In my view, the option to return must also be construed to provide the claimant with the option to pursue the undecided matters in court (see *Giglio v Haber,* 19 AD2d 793; see, also, *Hansen v City of New York,* 299 NY 136). In my opinion, plaintiffs may not recover for medical purposes. That part of their claim is barred by subdivision 1 of section 673 of the Insurance Law which bars recovery for "basic economic loss" in a negligence action between "covered persons" under the no-fault statutes. However, the plaintiffs are not barred from recovering for "noneconomic loss" if they can establish that the accident caused "serious injury" (see Insurance Law, § 671, former subd 4; see, also, Insurance Law, § 673, subd 1). The plaintiff may also recover for damage to her automobile.