OPINION OF THE COURT
Harold Hyman, J.
This is a motion by the plaintiff, pursuant to CPLR 3211 (subd [b]), to dismiss the fourth affirmative defense of collateral estoppel interposed in defendant’s answer.
The issue raised by this motion, one of first impression, is whether a (primary) arbitrator’s award and opinion in a no-fault arbitration proceeding can constitute a basis for collateral estoppel in a subsequent action arising out of the same occurrence absent any judgment or order by a court confirming that (primary) arbitration award and opinion.
On January 8,1977, plaintiff sustained personal injuries in an automobile accident, as to which injuries the insurer thereafter paid certain “first party benefits” to plaintiff pursuant to article 18 of the Insurance Law, the “no-fault” statutes; the “first party benefits” paid by the insurer covered claims submitted up to August 19,1977.
Thereafter plaintiff made certain claims for payment of “first party benefits” as to “additional” items; they were *385 for the alleged injury to her “hip” and for “lost earnings” thereby incurred, due to the same occurrence, also under no-fault. The insurer denied payment of such “additional items” contending that such “hip” injury, medical bills and the “lost earnings” allegedly caused thereby, were “not causally related to the accident” of January 8, 1977.
As a result of such denial, plaintiff-claimant opted and filed for arbitration pursuant to the New York State No-Fault Arbitration Rules promulgated by the Superintendent of Insurance. The claim proceeded to arbitration. The (primary) arbitrator “denied the claim in its entirety”; the finding — award (dated April 6,1978) reads as follows:
“AMERICAN ARBITRATION ASSOCIATION
No-Fault Arbitration Tribunal
In the Matter of the Arbitration between
MINNIE HILOWITZ
Claimant
-and-
STATE FARM MUTUAL INSURANCE COMPANY
Respondent.
AAA Case No: 1360-8358-77 I Insurance Claim No. 32-4381-131
AWARD AND OPINION OF ARBITRATOR
I, the undersigned arbitrator, designated by the American Arbitration Association, pursuant to the New York State No-Fault Arbitration Rules, promulgated by the Superintendent of Insurance, having been duly sworn, and having heard the proofs and allegations of the parties, make the following AWARD:
The above captioned Claim is denied in its entirety. The reasons for my decision are as follows:
Admittedly, the claimant sustained injuries in an automobile accident which occurred on January 8,1977. Thereafter the respondent paid certain benefits to claimant. The *386 last payment made by respondent covered claims submitted up to August 19,1977. The respondent then denied payment for medical bills for an alleged injury to claimant’s hip and for loss of earnings due to the alleged hip injury. Both from my own practical evaluation of the evidence submitted at the hearing and the-convincing testimony of respondent’s witness, Dr. Sherman, I have come to the conclusion that the claimant’s hip condition is not causally related to the accident in question and, therefore, the claim is denied in its entirety.
This Award is in full settlement of all no-fault benefit claims submitted to this Arbitrator.
DATED: April 6,1978
/s/_ Arbitrator’s Signature
Joseph F. Clunan_
Arbitrator’s Name (Please type)
(Acknowledgment) ”
(Emphasis added.)
On or about January 4, 1978, plaintiff caused to be served a summons and complaint; defendant answered and generally denied the complaint. Thereafter, in June 1980, defendant moved to amend his answer to assert an affirmative defense of “collateral estoppel”; the motion to amend was granted by order of this court on June 11,1980; the amendment, contained therein as the “Fourth Separate and Complete Affirmative Defense” (although labeled a “Complete Defense”, it is in fact merely a “partial defense” and applicable only to such specific claim as previously made, and which was denied in the arbitration proceeding), reads as follows:
“AS and for a fourth separate and COMPLETE AFFIRMATIVE DEFENSE:
Sixth : That on or about April 6,1978, after a full hearing was held in the matter of the arbitration between Minnie Hilowitz, claimant, and State Farm Mutual Automobile Insurance Company, Respondent, it was found by *387 the arbitrator that the claimant’s hip condition is not causally related to the accident in question. Therefore, claimant may not receive payment of her medical bills and lost earnings due to the alleged hip injury. Plaintiff Minnie Hilowitz is now collaterally estopped from claiming that the alleged hip injury and resultant medical bills and lost earnings were related to the accident in question.”
It is apparent that said amendment — affirmative defense —is clearly limited solely to any recovery for a “hip condition, medical bills or lost earnings as to said hip condition” for lack of causal relation to the accident as found and determined by the (primary) arbitrator.
Plaintiff now moves to dismiss the alleged limited and partial affirmative defense of “collateral estoppel” pursuant to CPLR 3211 (subd [b]) maintaining that the insurer not having moved to have the court confirm the “Award” as a judgment it is not binding upon plaintiff in the present action and cannot constitute a basis for either res judicata or collateral estoppel. The court disagrees and hereby determines that the award of the (primary) arbitrator, in this instance, collaterally estops plaintiff’s assertion of the “hip condition” and recovery of damages based upon the alleged “hip injury”.
The Legislature of this State enacted legislation relevant to “no-fault” claims (Insurance Law, § 675), giving to the Superintendent of Insurance of the Insurance Department of the State the power to promulgate rules and regulations regarding the obtainance, by simplified arbitration proceedings, of “first party benefits” by a claimant resulting from motor vehicle accidents. In 1977, by chapter 892 of the Laws of 1977, the Legislature amended subdivisions 1 and 2 of section 675 of the Insurance Law, effective as of December 1, 1977 (L 1977, ch 892, § 17); the amendment to subdivisions 1 and 2 of section 675 of the Insurance Law is contained in section 13 of said chapter 892 of the Laws of 1977; it, in part, reads as follows:
“2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may under subdivision one of this *388 section to arbitration pursuant to simplified procedures promulgated or approved by the superintendent.
“An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent * * * The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules” (emphasis added).
The Superintendent of Insurance, pursuant to the power granted to him by the above legislation, promulgated and approved rules of simplified procedure providing for (primary) arbitration and the procedure for appeal from such (primary) “arbitrator’s” award to a “master arbitrator”.
It was in accordance with such statute and the rules promulgated that movant-claimant-plaintiff herein opted to proceed to arbitration following the insurer’s denial of her claim for additional first-party benefits for “medical bills and loss of earnings due to an alleged hip injury” which she claimed to have resulted from the accident involved. The (primary) arbitrator found that “the claimant's hip condition is not causally related to the accident in question and, therefore, the claim is denied in its entirety.” The award was made and dated April 6, 1978.
Claimant took no appeal from the (primary) arbitrator’s award to a “Master Arbitrator”; and, neither claimant nor insurer moved to confirm said award. This motion is based upon lack of any such judicial confirmation.
It is the opinion of the court that the “Award of the Arbitrator” is binding pursuant to subdivision 2 of section 675 of the Insurance Law, and is, for the limited purpose set forth in the amended answer, a viable basis for “collateral estoppel”.
In Kilduff v Donna Oil Corp. (74 AD2d, 562, 563), that court stated “It is beyond dispute that the doctrines of res judicata and collateral estoppel are applicable to issues resolved by arbitration (Rembrandt Inds. v Hodges Int., 38 NY2d 502) * * * In the instant case, the determination *389 sought to be asserted as a bar to a subsequent action is an arbitrator’s denial of first-party benefits under the no-fault statutes. Part of the claim was denied in its entirety. We find that this was a final determination on the merits which bars further consideration of the same issues in a subsequent action.” (Emphasis added.) (See, also, Matter of Government Employees Ins. Co. v Kozlowski, 62 AD2d 1056,1057, a claim of res judicata resulting from no-fault arbitration proceedings, wherein the court has similarly held.)
To contend that the arbitrator’s award may not be deemed “binding”, but that to be so it additionally requires a judgment or order confirming same in order to result in res judicata or collateral estoppel would be flying in the face of the true intent of the Legislature and the purpose of “no-fault” simplified procedures. It would open for review every no-fault (primary) arbitration for re-examination by the court, would bypass the statute regarding and providing for appeals to a “master arbitrator”, and would unquestionably swamp the court with applications in a reviewing process of the (primary) arbitrator. Such was never the intent or purpose of the Legislature in its use of the language set forth in the amending statute, that “The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules”.
If plaintiff, claimant, was aggrieved by the (primary) arbitrator’s award of April, 1978, she had the right to appeal to a “master arbitrator”. That she did not so appeal cannot now be circumvented more than two years later by her present contention; it was only from a “master arbitrator’s” appellate award could any further appeal lie to the courts, and even then it would be limited in scope (CPLR art 75).
Movant’s contention that there existed no power or authority in the Superintendent of Insurance to promulgate any such rule is without merit, the Legislature statutorily enacted and granted such power and authority to the Superintendent of Insurance. The case cited by movant (Peterson *390 v Forkey, 50 AD2d 774), and the quotations set forth in her moving papers have no similarity to, bearing upon, or application to “no-fault” legislation matters, or the empowered rules promulgated thereunder.
The motion is denied.