LISA BALDWIN, an Infant, by STANLEY BALDWIN, Her Parent and Natural Guardian, et al., Respondents, v FRANKLYN A. BROOKS et al., Appellants, and THOMAS R. WAHL, INC., Doing Business as TOM WAHL'S, Respondent.

Fourth Department, October 30, 1981

**APPEARANCES OF COUNSEL**

*Bayer & Smith (Michael Reddy* of counsel), for appellants.

*Gullace, Stoner, DeLuca & Weld (David V. DeLuca* of counsel), for Stanley Baldwin and another, respondents.

*Hickey, McHugh & Garlick (William Gandy* of counsel), for Thomas R. Wahl, Inc., respondent.

**OPINION OF THE COURT**

HANCOCK, JR., J.

We must resolve a question involving the effect to be given in a personal injury lawsuit of a finding on a medical issue in a prior no-fault insurance arbitration. Specifically, may plaintiffs in the trial of the personal injury action

make affirmative use of such finding as binding upon the insured defendants under the doctrine of collateral estoppel or issue preclusion?

An automobile owned by defendant Franklyn A. Brooks and driven by defendant Franklyn A. Brooks, Jr., crashed through the wall of defendant Wahl's restaurant on November 10, 1977 and struck plaintiff, Lisa Baldwin, who was standing inside. Lisa, it is claimed, sustained serious and permanent injuries in the accident including an injury to her left knee which required a surgical operation. As an injured pedestrian and a covered person entitled to first-party no-fault benefits (Insurance Law, § 671, subd 10; § 672) Lisa submitted her medical bills to the Brooks' insurance carrier, State Farm Mutual Insurance Company (State Farm). Alleging a serious injury, Lisa and her father also commenced suit against defendants on December 6, 1978 for noneconomic loss as permitted by subdivision 1 of section 673 of the Insurance Law. At some point which does not appear, medical bills for the knee operation which had been performed on July 10, 1978 were submitted to State Farm for payment as first-party benefits and rejected as not causally related to the accident. Accordingly, on May 8, 1979, Lisa, electing to exercise her option as a covered claimant under subdivision 2 of section 675 of the Insurance Law, submitted the question of the disputed bills to arbitration. The arbitrator, in an undated written decision after a hearing in which defendants Brooks did not participate and were not represented,* found that Lisa's "knee injuries and resulting medical expenses were related to the accident of November 10, 1977."

Special Term without a writing held that defendants Brooks are bound by the decision in the no-fault arbitration and granted partial summary judgment against them on the issue of causal relationship of the knee injury. Presumably because the State Farm insurance arbitration could not in any way have affected the lawsuit against the

---

* There is no merit to the suggestion in respondents' brief that because the attorneys now representing the defendants Brooks in the personal injury action were present at the arbitration in their capacity as attorneys for State Farm, the defendants Brooks should be considered to have participated in the arbitration. There is no evidence that the attorneys were appearing for or representing any interest of the defendants Brooks in the arbitration or, indeed, that the defendants Brooks were even aware of the proceeding.

codefendant restaurant operator Wahl, Special Term limited the partial summary judgment to the defendants Brooks and directed that the causes of action against the defendant Wahl be severed and tried separately following the trial against the Brooks.

It is established that collateral estoppel may be applied offensively as well as defensively (see *Parklane Hosiery Co. v Shore,* 439 US 322; *B.R. DeWitt, Inc. v Hall,* 19 NY2d 141) and that a finding in an arbitration proceeding may have a binding effect in a subsequent action at law (see *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190; *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502; *Kilduff v Donna Oil Corp.,* 74 AD2d 562, 563). Indeed, the findings of the arbitrator adverse to the claimant on medical questions in no-fault insurance arbitrations have been held to have a binding effect against the claimant under the doctrine of issue preclusion in the claimant's lawsuit for personal injuries (see *Armijo v Metropolitan Transp. Auth.,* 77 AD2d 580; *Kilduff v Donna Oil Corp., supra; Hilowitz v Hilowitz,* 105 Misc 2d 384). Reasoning from these decisions *(Armijo v Metropolitan Transp. Auth., supra; Kilduff v Donna Oil Corp., supra; Hilowitz v Hilowitz, supra)* where the claimants have been estopped by the arbitrator's adverse findings, plaintiffs argue that collateral estoppel should be applied in the converse situation presented here; i.e., where the claimants have succeeded in the arbitration and seek to use the finding affirmatively against the insured defendants in their legal action. Defendants Brooks point out that they had no part in the insurance arbitration and that, moreover, they had no interest in its outcome and no reason for participation. They maintain that they should not be estopped in these circumstances as parties in privity with State Farm and that, in any event, they were not accorded a full and fair opportunity to litigate the issue (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). For reasons hereinafter stated, we agree with defendants and reverse the order granting partial summary judgment on the issue of the causal connection of Lisa's knee injuries.

First, although a party to be collaterally estopped in the second action need not have been a party to the first

proceeding, it must be shown that the nonparty against whom the finding would be used has such a relationship with the party participating in the proceeding that it can be said that the two are in privity (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 486). The decisions provide only a general definition of the nature of the relationships where privity may properly be found to exist. It is clear, however, that the connection between the parties to be found in privity must be such that the interests of the nonparty were effectively represented at trial (see *Watts v Swiss Bank Corp.,* 27 NY2d 270; Restatement, Judgments, §§ 83-90; 46 Am Jur 2d, Judgments, § 532). The question here must be whether the defendants were connected with their insurer as the payor of first-party benefits to such an extent that, although they were not parties to and did not participate in the first-party benefit arbitration, they should be bound by it. Crucial to the resolution is the distinction between an insured's relationship to its automobile liability insurance company as an indemnitor of the insured and the relationship between the insured and the insurance company where the insurer is fulfilling its obligation to pay first-party benefits to covered persons under the contractual provision mandated by section 621-a of the Insurance Law. Because both the liability insurer and its insured defendant whom it must indemnify are necessarily interested in obtaining a favorable outcome in all claims or proceedings where the extent of the insured's liability is in issue, the courts in such cases have repeatedly found privity between the liability insurer and its insured (see *Hinchey v Sellers,* 7 NY2d 287, 295; *Bonde v General Security Ins. Co. of Canada,* 55 Misc 2d 588; *Fadden v Cambridge Mut. Fire Ins. Co.,* 51 Misc 2d 858, affd 27 AD2d 487).

The relationship between the insured and the insurer as payor of first-party benefits, however, is not that of indemnitor-indemnitee. The insurer in its contract with the insured agrees to make direct payments of first-party benefits to certain classes of injured claimants found to be qualified under subdivision 10 of section 671 and subdivision 1 of section 672 of the Insurance Law. It is the responsibility of the insurer, not the insured (except in

circumstances not existing here; see Insurance Law, § 672, subd 2), to make the first-party payments, and the liability for such payments is not dependent upon or derivative from any liability of the insured. In the event of a rejection of a claim for first-party benefits, it is the insurer's contractual liability for the payments, not the liability of the insured, which claimant has the right to take to arbitration under subdivision 2 of section 675 of the Insurance Law. Thus, because the defendants Brooks' liability was not at stake in the Insurance Law (§ 675, subd 2) arbitration, they had no interest in the outcome (see *Phillips v Presswood,* 58 AD2d 624). In this fact lies the obvious distinction between the case at bar and cases such as *Kilduff v Donna Oil Corp.* (74 AD2d 562, *supra)* and *Hilowitz v Hilowitz* (105 Misc 2d 384, *supra)* where the plaintiffs in the personal injury lawsuits were parties to and participants in the no-fault proceedings and, of necessity, concerned with their outcome. We hold, therefore, that the defendants Brooks were not parties in privity with the insurer and that they should not be bound by the arbitrator's determination.

There is another related reason for denying collateral estoppel effect to the arbitrator's finding: the well-established requirement that "there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71, *supra; see Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485, *supra; Good Health Dairy Prods. Corp. v Emery,* 275 NY 14, 18). Here, defendants Brooks had no such opportunity (see *Phillips v Presswood, supra;* accord *Teper v Rackman,* 264 App Div 981; *Matter of Hartford Acc. & Ind. Co. [Maryland Cas. Co.],* 75 Misc 2d 410; cf. *Kisielewicz v Mullins,* 28 AD2d 680). Indeed, there is no evidence that they even received notification of the proceeding.

*Matter of American Ins. Co. (Messinger—Aetna Cas. & Sur. Co.)* (43 NY2d 184, *supra),* relied upon by respondent, is inapposite. There, the two insurance companies held to be estopped in a personal injury action by a determination in a property damage arbitration concerning the same accident had both been parties to the arbitration. Indeed, the court observed that there was no reason to assume that

the injured claimants, insured by one of the participating insurance companies, would later have been bound by the determination of the arbitrator "since they were not parties to the arbitration proceeding and had no opportunity to litigate the issue" *(Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], supra,* p 193, n 3).

We add only that the doctrine of collateral estoppel is "'essentially a rule of justice and fairness'" *(Hinchey v Sellers,* 7 NY2d 287, 294, quoting *Commissioners of State Ins. Fund v Low,* 3 NY2d 590, 595). Here, where defendants Brooks are being sued for a sum in excess of the insurance policy limits, justice and fairness dictate that they be given a chance to contest an issue which would affect the amount of the recovery.

In view of the reversal of the order granting partial summary judgment, there is no basis for severance of the cause of action against defendant Wahl. The order should therefore be reversed in its entirety.

SIMONS, DOERR and SCHNEPP, JJ., concur with HANCOCK, JR., J.; CARDAMONE, J. P., not participating.

Order reversed, with costs and motion denied.