■ JEANETTE COMPTON, Respondent, et al., Plaintiff, v SEBASTIAN D'AMORE et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Suffolk County (Robbins, J.), dated July 28, 1982, which, upon plaintiff Jeanette Compton's posttrial motion, set aside the jury verdict of $1,000 in her favor and granted a new trial, unless defendants stipulated to entry of judgment for said plaintiff in the amount of $50,000. ¶ Order modified, on the law and the facts, by deleting from the final paragraph the following: "unless defendants agree to an amendment of the jury verdict and consent to entry of judgment in the sum of $50,000". As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County for a new trial with respect to Jeanette Compton on the issue of damages. ¶ Plaintiff Jeanette Compton sought recovery for physical and psychological injuries allegedly sustained as a result of the collision of defendants' vehicle into the rear of the stationary vehicle owned by plaintiff Jack Compton and being driven by plaintiff Jeanette Compton. Defendants conceded liability in exchange for a ceiling of $100,000 damages, which was the maximum coverage under defendants' liability insurance policy. Mrs. Compton indisputedly sustained personal injuries to her head, neck and back, which required medical treatment, necessitated her wearing a cervical collar and body brace for approximately one year, caused pain and suffering and resulted in her absence from work for at least two weeks. Mrs. Compton additionally alleged that the accident caused psychological problems, including nervousness, depression, suicidal tendencies and personality changes, resulting in family problems and requiring several periods of hospitalization. It is clear from the jury verdict of $1,000 that the jury found that Mrs. Compton sustained physical injuries, but discredited her contention that her psychological condition was substantially caused by defendants' negligence. The trial court was correct in ordering a new trial because the award of $1,000 was inadequate to compensate Mrs. Compton for the physical injuries she sustained. However, it was an abuse of discretion to conditionally increase the verdict to $50,000, which could only reflect the trial court's determination that the accident was the cause of her psychological condition as well. There was ample evidence to support a finding that factors other than the accident created her psychological condition (see, e.g., *Cohen v Hallmark Cards*, 45 NY2d 493). ¶ By conditionally increasing the verdict to $50,000, the court " 'unnecessarily interfere[d] with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' " (*Durante v Frishling*, 81 AD2d 631, app dsmd 54 NY2d 833, quoting from *Ellis v Hoelzel*, 57 AD2d 968, 969). ¶ In addition, the trial court made an erroneous ruling on a matter of law, which apparently did not prejudice the defendants in view of the $1,000 verdict. In order to avoid recurrence of this error at a second trial, however, it is necessary to comment on the matter. ¶ Prior to trial, plaintiff Jeanette Compton had instituted an arbitration proceeding against Allstate Insurance Co. (Allstate), plaintiffs' no-fault carrier, to impose liability on Allstate for the expenses involved in Mrs. Compton's psychiatric treatment. The arbitrator found that her psychological problem was causally related to her accident. ¶ Since Allstate was also defendants' liability carrier, when the trial commenced plaintiffs requested that the court rule, as a matter of law, that defendants were collaterally estopped from litigating the issue of the causal connection between the accident and Mrs. Compton's psychological problem. Because plaintiffs had agreed to limit their recovery to $100,000 — the amount of defendants' liability policy with Allstate — plaintiffs argued that Allstate was the real party in interest at trial. As Allstate previously had unsuccessfully litigated the issue of causality at the arbitration proceeding, plaintiffs argued that collateral estoppel barred relitigation of the identical

issue against the identical party. ¶ The trial court ruled that defendants were bound by the arbitration ruling. Nevertheless, the court permitted them to litigate the extent to which the accident caused the alleged psychological injuries, and allowed evidence of other factors which purportedly exacerbated Mrs. Compton's condition. The court charged the jury that as the law of the case, "the accident was a competent producing cause of the plaintiff's psychological injury", but that there may have been more than one proximate cause of injury. ¶ It is well settled that the doctrines of collateral estoppel and *res judicata* are applicable to issues resolved by arbitration (e.g., *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.]*, 43 NY2d 184; *Rembrandt Inds. v Hodges Int.*, 38 NY2d 502; *Kilduff v Donna Oil Corp.*, 74 AD2d 562). Furthermore, the party sought to be collaterally estopped in the current action need not have been a party to the prior proceeding if he or she was in privity with a party participating in the prior proceeding (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 486). Parties in privity include those whose interests are represented by a party to the first proceeding (*Watts v Swiss Bank Corp.*, 27 NY2d 270). ¶ Here, there was no privity because the first proceeding involved a first-party benefit claim by Jeanette Compton pursuant to Allstate's contractual liability under its policy of insurance with the Comptons, and the D'Amores' liability was not at stake (see *Baldwin v Brooks*, 83 AD2d 85; *Phillips v Presswood*, 58 AD2d 624). Nor can Allstate be considered the real party in interest simply because the parties stipulated to a ceiling on damages within the limits of defendants' liability policy. Insurers are deemed to be real parties in interest only when direct actions are maintained against them (*Lumbermen's Cas. Co. v Elbert*, 348 US 48) or when they become subrogated to the rights of their insureds after payment of the loss (*United States v Aetna Cas. & Sur. Co.*, 338 US 366). Until the insurer makes payment under an indemnity agreement, the named defendants remain liable on the judgment and they and not the insurer are the real parties in interest to the litigation (*Armour Pharm. Co. v Home Ins. Co.*, 60 FRD 592; 18 Couch, Insurance [2d ed], § 74:289; 20B Appleman, Insurance Law and Practice, § 11773, pp 90-93). ¶ The finding that defendants were collaterally estopped from litigating the issue of causality therefore was erroneous, as was the charge concerning psychological injury. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.