■ John L. Ray, Respondent, v William E. Kramer et al., Respondents, and Frank J. Ioele, Appellant. — Order unanimously affirmed, with costs to plaintiff. Memorandum: This is a negligence action by Ray to recover for injuries sustained in an accident in which he was a passenger in an automobile driven by Ioele which collided with one driven by David Kramer and owned by William Kramer. Ioele appeals from Special Term's denial of his motion for summary judgment to dismiss the complaint against him and to grant his cross claim against the Kramers for indemnification or contribution. Ioele argues that collateral estoppel effect should be given to a jury verdict of no cause of action in a previous action by the Kramers against Ioele arising from the same accident. In that action the jury found in answer to a special question that Ioele was not negligent. Ray cannot be bound by the result in the earlier action. He was not a party thereto nor was he in privity with a party (*see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 486; *Watts v Swiss Bank Corp.,* 27 NY2d 270, 277; *Baldwin v Brooks,* 83 AD2d 85, 89). Nor did Ray have a "full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). There is no basis for summary judgment on Ioele's cross claim against the Kramers for indemnification or contribution; the issue of Kramer's negligence was never reached by the jury in the earlier action. (Appeal from order of Supreme Court, Monroe County, Davis, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.