NORMAN B. SAMHAMMER et al., Appellants, v HOME MUTUAL INSURANCE COMPANY OF BINGHAMTON et al., Respondents.

Third Department, October 30, 1986

---

## APPEARANCES OF COUNSEL

*Emil Warchol (Rossi, Rossi & Hughes, P. C. [Thomas P. Hughes],* of counsel), for appellants.

*Andrews & Huffman (Stephen J. Ransford* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

On this appeal, we are asked to determine whether a State Police hearing board determination that one of its officers intentionally set fires in his house entitles the insurer of the house to collaterally estop the officer and his wife from collecting insurance proceeds for the damage caused to the house by the fires. The residence of plaintiffs, Norman B. and Carol S. Samhammer, was severely damaged by two separate fires which occurred on July 12, 1981 and a third fire on July 29, 1981. After plaintiffs' proof of loss was disclaimed by defendants, plaintiffs instituted the instant action to collect payment on their insurance policy.

During the pendency of this litigation, Norman Samhammer, a State Trooper, was charged by the State Police with intentionally starting the fires in his residence and submitting a false claim to the insurance company. A hearing on the charges was held before a disciplinary hearing board composed of three State Troopers. Testimony at the hearing was taken for six days as the State Police produced 15 witnesses

and Samhammer called 10 witnesses.[1] He was represented by counsel at this hearing and given an opportunity to cross-examine the adverse witnesses. The hearing board found him guilty of intentionally setting the two fires which occurred on July 12, 1981 and of knowingly making false statements to his insurance company. The hearing board recommended that he be discharged from the State Police and the Superintendent of State Police, after reviewing the evidence, accepted the hearing board's findings and recommendations.

Relying on this administrative determination, defendants amended their answer to include the affirmative defense of collateral estoppel and made a motion for summary judgment dismissing the complaint. They urged that the finding of the hearing board conclusively established their other affirmative defenses, which in essence claim that Samhammer started these fires and concealed this fact while making an application for insurance benefits. Under the policy such actions, if established, would preclude his recovery. Special Term granted summary judgment and dismissed the complaint. Plaintiffs' subsequent motion for renewal or reargument was denied. Plaintiffs appeal from both orders.

Initially, we are faced with the issue of whether the findings of the State Police hearing board collaterally estopped Samhammer from controverting defendants' affirmative defenses. Although collateral estoppel was originally a narrow doctrine, it has been greatly expanded in recent years *(see, Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 69; *Matter of Engel v Calgon Corp.,* 114 AD2d 108, 112 [Harvey, J., concurring]; Siegel, NY Prac § 457, at 604).[2] This expansion is undoubtedly due in no small part to increased litigation and

---

1. While a transcript of testimony of over 1,000 pages was allegedly recorded at this hearing, it has not been included as part of the record on appeal.

2. Some of the cases expanding the collateral estoppel doctrine include: *Koch v Consolidated Edison Co.,* 62 NY2d 548, *cert denied* 469 US 1210 (far-reaching collateral estoppel effect given to third-party offensive use of the doctrine); *Ryan v New York Tel. Co.,* 62 NY2d 494 (collateral estoppel effect given to the quasi-judicial determination of an administrative agency); *Malloy v Trombley,* 50 NY2d 46 (collateral estoppel effect given to "gratuitous" findings); *Matter of American Ins. Co. (Messinger—Aetna Cas. & Sur. Co.),* 43 NY2d 184 (arbitration award given collateral estoppel effect); *S. T. Grand, Inc. v City of New York,* 32 NY2d 300 (criminal conviction given collateral estoppel effect in civil suit); *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141 (mutuality requirement abolished); *Cummings v Dresher,* 18 NY2d 105 (Federal court judgment in favor of passenger of one car precludes driver of other car from suing driver of car occupied by the successful passenger).

the resulting need to conserve judicial resources *(see, Gilberg v Barbieri,* 53 NY2d 285, 291). Collateral estoppel remains, however, a flexible doctrine based on fairness, and thus not subject to automatic application merely because its formal prerequisites are met *(supra,* at pp 291-292; *see, People v Fagan,* 66 NY2d 815, 816).

The Court of Appeals has recently held that collateral estoppel is "applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499). In order to invoke collateral estoppel, the proponent must establish that an identical issue was necessarily decided in a prior action and is decisive in the present action *(Kaufman v Lilly & Co.,* 65 NY2d 449, 456). Once the proponent has established this, it is then incumbent upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in the prior action *(Ryan v New York Tel. Co., supra,* pp 501-502).

■ Plaintiffs do not dispute that defendants met their burden of showing that the requisite identity and decisiveness are present in the instant case. Indeed, the hearing board found that Samhammer started the two fires which took place on July 12, 1981 and that he concealed this fact when applying for insurance benefits. These findings, if given conclusive effect, would clearly exonerate defendants from any liability to plaintiffs under the terms of the insurance policy.

The focus of the collateral estoppel issue on this appeal is whether Samhammer met his burden of showing that he did not receive a full and fair opportunity to litigate his claimed innocence before the hearing board. Relevant factors in determining whether there has been a full and fair opportunity include: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation" *(Ryan v New York Tel. Co., supra,* p 501; *accord, Clemens v Apple,* 65 NY2d 746, 748). Here, Samhammer's job was at stake in the administrative proceeding. Thus, there is no doubt that he had an incentive to diligently defend the charges against him. At the hearing, which lasted six days, he was represented by counsel, called witnesses and was afforded the opportunity to cross-examine adverse witnesses. Further, the instant litigation was not only foreseeable, but had already been commenced when the hearing occurred.

Samhammer asserts, however, that collateral estoppel should not be invoked because of the nature of the forum which rendered the decision against him. The hearing board consisted of three police officers (9 NYCRR 479.7). These officers are apparently not lawyers, nor are they given special training to authorize them to act in a quasi-adjudicatory capacity where they, *inter alia,* make rulings on admissibility of evidence (9 NYCRR 479.8 [b]). In *Ryan v New York Tel. Co. (supra),* the Court of Appeals found a decision by an Administrative Law Judge sitting in an unemployment insurance case to be entitled to collateral estoppel effect in a subsequent civil litigation. While not bound by formal rules of evidence (12 NYCRR 461.4 [a]), Administrative Law Judges are generally more versed in procedural aspects of the law than police officers. Further, an Administrative Law Judge, as a decision maker, is more independent from the interests of the litigants than a hearing board made up of fellow police officers.

While the nature of the forum presents a compelling argument, we are constrained to conclude that, on the record before this court, Samhammer has not met his burden of showing that he did not receive a full and fair opportunity to litigate the prior action. The only evidence Samhammer presented in opposition to defendants' motion for summary judgment based on collateral estoppel was an attorney's bare conclusory allegation that he had been denied a full and fair trial. We do not have before us a transcript of the hearing, nor has Samhammer pointed to specific instances from which it can be concluded that the proceeding before the police hearing board, or its decision, was fundamentally unfair. We thus have no relevant facts before us from which we could conclude that this forum deprived Samhammer of a full and fair opportunity to litigate his claim. Hence, in light of the broad language of *Ryan (supra),* and the fact that Samhammer presented an extensive defense in a proceeding where the stakes were clearly high, we are constrained to conclude that he has not met his burden of showing that he did not have a full and fair opportunity to present his claims.[3]

---

3. We note that, in the case at bar, the administrative proceeding was not commenced by Samhammer. In *Ryan,* the administrative action was commenced by the individual against whom collateral estoppel was later invoked and not by the administrative agency or some third party *(Ryan v New York Tel. Co.,* 62 NY2d 494, 503; *see also, Clemens v Apple,* 65 NY2d 746, 748-749). The significance of this is that, through no action of his own, Samhammer was effectively deprived of the broad discovery rights which he

Next, it is contended by Samhammer that the administrative proceeding is not final and thus should not be used for collateral estoppel purposes. In order to be binding and conclusive on a court, a prior determination must be final *(see, e.g., Ryan v New York Tel. Co.,* 62 NY2d 494, 499, *supra)*. Samhammer's claim of a lack of finality is based on the alleged existence of a pending CPLR article 78 proceeding to review the Superintendent's confirmation of the hearing board's decision. Indeed, the proceeding to review the Superintendent's determination was initiated in December 1983; however, it was "marked off the calendar" in January 1984. There is no indication in the record that any further progress has occurred in the proceeding since that time. Further, it is well established that the fact that the time in which to appeal a judgment is still open or that an appeal from the judgment has actually been taken does not divest the judgment of finality for the purposes of collateral estoppel *(Parkhurst v Berdell,* 110 NY 386; *Exchange Natl. Bank v Ferridge Props.,* 112 AD2d 33, 34; *Matter of Amica Mut. Ins. Co. [Jones],* 85 AD2d 727; Siegel, NY Prac § 444, at 589-590). This authority is equally applicable to final administrative determinations which would otherwise meet the criteria to merit the invocation of collateral estoppel.

Accordingly, we conclude that Special Term properly dismissed Samhammer's claim on the basis of collateral estoppel.

We turn next to the issue of whether summary judgment was properly granted as to Carol Samhammer. We conclude that it was not. Since Carol Samhammer was not a party to the administrative proceeding, collateral estoppel cannot be invoked against her *(see, Gilberg v Barbieri,* 53 NY2d 285, 291, *supra; Ray v Kramer,* 109 AD2d 1087; *Baldwin v Brooks,* 83 AD2d 85). Furthermore, her husband's culpable conduct does not foreclose her from recovering on the insurance policy since, in the absence of specific language to the contrary, an

---

would have been entitled to in a civil proceeding (CPLR art 31) and, if he had chosen to invoke it (CPLR 4102), his constitutional right to have a jury decide the factual issues (NY Const, art I, § 2). These issues, however, were not raised and thus are not before the court on this appeal. Further, plaintiffs have not raised an issue as to the quantum of evidence at the hearing level *(see, Matter of Engel v Calgon Corp.,* 114 AD2d 108, 112 [Harvey, J., concurring]); thus, that issue is not before us *(see, Arnold v New City Condominiums Corp.,* 88 AD2d 578). Nor is the issue before us whether fairness *(see, Gilberg v Barbieri,* 53 NY2d 285, 291-292) would have mandated a different result had these waived or not asserted issues been considered in conjunction with the nature of the forum issue.

insurance policy issued to a husband and wife is construed as covering the interests of each spouse separately *(Graziane v National Sur. Corp.,* 120 AD2d 773, 775; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 260; *Winter v Aetna Cas. & Sur. Co.,* 96 Misc 2d 497). Thus, assuming Carol Samhammer is innocent of any wrongdoing concerning the fires, she has a viable action against defendants *(see, Krupp v Aetna Life & Cas. Co., supra).*

MAHONEY, P. J., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Orders modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment against plaintiff Carol Samhammer and dismissed her cause of action; motion denied as to her cause of action; and, as so modified, affirmed.