■ ANA KELLY, Plaintiff, v MALONE FREIGHT LINES, INC., et

al., Defendants and Third-Party Plaintiffs-Appellants. SIDNEY PHILLIPS, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendants and third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vinik, J.), entered November 18, 1986, as denied that branch of their cross motion which was for partial summary judgment against the third-party defendant for a minimum of 50% contribution of any recovery by the plaintiff against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about September 27, 1982, a tractor trailer owned and operated by the defendants and third-party plaintiffs Malone Freight Lines, Inc. and Nile P. Testerman, respectively, collided with a motor vehicle operated by the third-party defendant. The plaintiff, who was, at the time, a passenger in the vehicle operated by the third-party defendant, submitted a claim for medical benefits against the third-party defendant's insurance carrier. No-fault benefits in the sum of $1,796.42 were paid by the carrier in connection with the plaintiff's claim, whereupon reimbursement was sought against Malone Freight Lines, Inc. The matter proceeded to arbitration as a result of which the carrier was awarded reimbursement in the sum of $898.50 based on a comparative negligence finding of 50% against Malone Freight Lines, Inc.

The relationship between the insured and the insurer as payor of first-party benefits is not that of indemnitor-indemnitee and the liability for such payments is not dependent upon or derivative from any liability of the insured *(Baldwin v Brooks,* 83 AD2d 85, 88-89). Inasmuch as the third-party defendant was not a party to the arbitration proceeding, did not have a unity of interest with respect to the matter arbitrated and was not afforded a full and fair opportunity to contest that determination, the third-party defendant should not be bound by the arbitrator's ancillary finding regarding comparative negligence *(see, Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59, 64; *Compton v D'Amore,* 101 AD2d 800, 801).

In accordance with the well-settled tenet that the doctrine of collateral estoppel " 'is essentially a rule of justice and fairness' " *(Hinchey v Sellers,* 7 NY2d 287, 294, quoting *Commissioners of State Ins. Fund v Low,* 3 NY2d 590, 595), the issues of apportionment of liability and contribution, if any, between the defendants and third-party plaintiffs and the

third-party defendant were properly left for resolution by the trier of fact. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.