■ JANET CASOLINO, Appellant, v WILLIE BAYNES, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), dated August 11, 1988, which denied her motion to strike the third affirmative defense asserted in the defendant's answer and granted the defendant's cross motion, in effect, for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, the cross motion is denied, and the third affirmative defense asserted in the defendant's answer is stricken.

This action is premised on an accident involving 3 cars, 1 of which was driven by the plaintiff and registered in her mother's name, another of which was owned and operated by the defendant. Neither the owner nor the operator of the third vehicle is a party to this action. However, prior to the com-

mencement of this action, the insurer of the third vehicle sought arbitration of its claim for reimbursement in the principal amount of $1,531 paid to its insured from the insurers of the other two vehicles. The arbitration award included a determination apportioning 90% of the fault for the happening of the accident to the plaintiff and 10% to the defendant.

In his answer and in support of his cross motion, in effect, for partial summary judgment on the issue of liability, the defendant contends that the plaintiff is collaterally estopped by the arbitrator's determination from relitigating the issue of liability in the instant action. The Supreme Court effectively granted summary judgment, on the issue of liability based on the determination made in the intercompany arbitration, ruling that there was an identity of issues necessarily determined in the arbitration proceeding decisive of the liability aspect of this action and that the plaintiff was in privity with her mother's insurer so as to have had full and fair opportunity to be heard with respect to the issue of comparative fault *(see, Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65; *cf., Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184). We reverse.

The doctrine of collateral estoppel is a flexible one that is premised on fairness *(see, Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59, 60). The determination by which the defendant would have the plaintiff bound was made without her knowledge and she had no opportunity to personally contest it *(cf., Baldwin v Brooks,* 83 AD2d 85; *Phillips v Presswood,* 58 AD2d 624). Moreover, the plaintiff, as a party seeking to recover for serious injury allegedly sustained in the accident, has no unity of interest with the insurer of her mother's vehicle with respect to the subject of the arbitration *(cf., Kelly v Malone Frgt. Lines,* 139 AD2d 566), so as to support the conclusion that her interests were effectively represented at the arbitration proceeding *(see, Baldwin v Brooks, supra).* The Supreme Court therefore erred in holding that the plaintiff was in privity with the insurer of her mother's vehicle. Accordingly, we find that the arbitration award has no collateral estoppel effect in this litigation *(cf., Kelly v Malone Frgt. Lines, supra).* Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.