■ WARREN A. RUSSOM et al., Appellants, v JEANNE WALDRON et al., Respondents. [638 NYS2d 521] —Casey, J. Appeal from an order and judgment of the Supreme Court (Mazzone, J.), entered October 28, 1994 in Saratoga County, upon a verdict rendered in favor of defendants.

Plaintiffs commenced this action to recover damages based upon injuries allegedly sustained by plaintiff Warren A. Russom (hereinafter plaintiff) when the automobile in which he was a passenger went off the road and rolled over. Defendant John Potter was driving the vehicle, which was owned by defendants Jeanne Waldron and Hawley Waldron. After trial of the action, the jury, in response to questions contained in an itemized verdict sheet, found that plaintiff had not suffered a serious injury as a result of the accident. Plaintiffs appeal from the judgment entered on the jury's verdict.

In addition to the damages sought in this personal injury action, plaintiff also filed an application for no-fault benefits under the automobile policy issued to the Waldrons. The Waldrons' insurer denied the application on the ground that plaintiff's injuries were not causally related to the accident. The matter was heard by an arbitrator who issued an award prior to the trial of the personal injury action. The arbitrator found that plaintiff's injuries were causally related to the accident, and plaintiff was awarded no-fault benefits. It is undisputed that defendants were not parties to and did not participate in the arbitration.

At the trial of the personal injury action, plaintiffs moved to preclude defendants from contesting the issue of proximate cause on the ground that the arbitrator's finding is entitled to collateral estoppel effect. Supreme Court denied the motion, and plaintiffs contend that the court erred in doing so. We agree with Supreme Court.

In *Baldwin v Brooks* (83 AD2d 85, 88-89), the Fourth Department held that the defendants in a personal injury action were not connected with their insurer to such an extent that, although they were not parties to and did not participate in the first-party arbitration, they should be bound by it. The Court held, therefore, that the defendants in the personal injury action were not in privity with their insurer and should not be bound by the arbitrator's determination because they did not have a full and fair opportunity to contest the arbitration award (*supra*, at 89). The Second Department reached a simi-

lar conclusion in *Compton v D'Amore* (101 AD2d 800, 801). Plaintiffs contend that this Court should apply a more "flexible approach to privity", but we agree with the Court's reasoning in *Baldwin v Brooks* (*supra,* at 88-89). Accordingly, we reject plaintiff's contention that defendants were collaterally estopped from contesting the issue of proximate cause.

Plaintiffs also contend that the verdict is against the weight of the evidence, citing to evidence in the record which shows that plaintiff sustained an injury as a result of the accident and that he was unable to perform the same type of physically demanding work that he could prior to the accident. There is, however, evidence concerning a prior injury sustained by plaintiff, along with other evidence that plaintiff did not seek medical treatment until five months after the accident and was able to operate a 90-pound jackhammer after the accident. There is also evidence that when plaintiff first sought medical treatment after the accident, he referred to a similar episode of pain three or four years earlier but did not mention the accident that occurred five months earlier. The jury resolved the questions of fact created by the conflicts and inconsistencies in the relevant testimony (*see, Countermine v Galka,* 189 AD2d 1043, 1046). Based upon our review of the record, we conclude that there is no basis to disturb the jury's verdict (*see, Brooks v Adams,* 204 AD2d 938). It follows, therefore, that plaintiffs' claim of entitlement to a directed verdict is meritless (*cf., Barker v Bice,* 87 AD2d 908).

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.