Steinhardt, J.
(dissenting and voting to reverse the final judgment, vacate so much of the order dated October 23, 2007 as granted landlord’s motion for summary judgment and deny landlord’s motion). As the majority correctly holds, the New York State Division of Housing and Community Renewal (DHCR) has concurrent jurisdiction over succession-rights claims to rent-stabilized apartments, and had the authority to adjudicate appellant’s complaint (Pavel v Fischer, 21 Misc 3d 143[A], 2008 NY Slip Op 52452[U] [App Term, 2d & 11th Jud Dists 2008]; cf. Cox v J.D. Realty Assoc., 217 AD2d 179 [1995] [DHCR has concurrent jurisdiction over claims for succession rights to rent-controlled apartments]). However, the issue on this appeal is whether, under the particular circumstances of *17 this case, collateral estoppel effect should be given to DHCR’s determination. An analysis of the relevant factors leads to the conclusion that the determination should not be given such effect.
“[T]he doctrine of collateral estoppel is a flexible one that is premised on fairness” (Casolino v Baynes, 157 AD2d 699, 700 [1990]; see Eveready Ins. Co. v Asante, 153 AD2d 874 [1989]). “The equitable doctrine of collateral estoppel is grounded on the facts and realities of a particular litigation, rather than rigid rules” (Buechel v Bain, 97 NY2d 295, 303 [2001]). The Court of Appeals has set forth the test for determining whether collateral estoppel effect should be given to an agency’s determination when the party resisting the application of the doctrine claims that he was not given a full and fair opportunity to litigate before the agency:
“A determination whether the first action or proceeding genuinely provided a full and fair opportunity requires consideration of ‘the “realities of the [prior] litigation”, including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination which is now asserted against him’. (People v Plevy, 52 NY2d 58, 65.) Among the specific factors to be considered are the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation. (Gilberg v Barbieri, 53 NY2d 285, 292; Schwartz v Public Administrator, 24 NY2d 65, 72.)” (Ryan v New York Tel. Co., 62 NY2d 494, 501 [1984]; see also Matter of Hee K. Choi v State of New York, 74 NY2d 933 [1989].)
In the instant matter, appellant was not represented by counsel in the DHCR proceeding and did not fully participate therein. No hearing was held, and no evidence was submitted by either side. Appellant claims that he did not receive the letter from DHCR requesting additional documentation. In any event, even if appellant had received the letter, given “the context and other circumstances” (Ryan at 501), including, in particular, the fact that landlord had already commenced this summary proceeding, appellant may well have believed that the *18 issue would be adjudicated in the court and that there was no need for him to further prosecute the DHCR proceeding which he had initiated. In addition, appellant has demonstrated the availability of evidence to support his claim, and he stands to lose an important property right without a determination on the merits. In these circumstances, consideration of the realities of the prior litigation and a balancing of the relevant factors lead to the conclusion that appellant should be afforded an opportunity to have his claim heard on the merits.
Accordingly, the final judgment should be reversed, so much of the underlying order as granted landlord’s motion for summary judgment vacated, and landlord’s motion denied.
Weston Patterson, J.P, and Rios, J., concur; Steinhardt, J., dissents in a separate memorandum.