■ MT. HAWLEY INSURANCE COMPANY, Appellant, v INTERSTATE FIRE AND CASUALTY COMPANY, Respondent. DANIEL GUTOWSKI, Plaintiff, v GDM HUDSON LAIGHT STREET, LLC, et al., Defendants, and 48 LAIGHT STREET ASSOCIATES, LLC, Respondent/Third-Party Plaintiff-Respondent. THE HELIX GROUP, INC., Third-Party Defendant-Respondent. [963 NYS2d 84]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 1, 2012, as amended by order entered November 16, 2012, which granted defendant/third party plaintiff 48 Laight Street's motion for summary judgment on its claim for contractual indemnification against third-party defendant the Helix Group, Inc. and denied third-party defendant's motion to dismiss, unanimously dismissed, without costs.

In this declaratory judgment action originating out of an underlying personal injury action in which the plaintiff, an employee of third-party defendant Helix, sought damages as a result of bodily injuries sustained when he fell from the first floor to the basement level of a building undergoing renovations. The complaint in the personal injury action named GDM Hudson Laight Street, LLC, Car-Win Construction, Inc., and 48 Laight Street Associates as defendants. 48 Laight Street had retained Helix to perform work at the site.

48 Laight moved for summary judgment, and Helix, not Mt. Hawley, its general liability insurer, cross-moved for summary judgment in the third-party action for contractual indemnity. Mt. Hawley was not a party to the third-party action. Thus, Mt. Hawley's appeal must be dismissed because it is not an aggrieved party under CPLR 5511. Mt. Hawley's argument that it is the real party in interest in the contractual indemnity case is unavailing (*see Compton v D'Amore*, 101 AD2d 800, 801 [2d Dept 1984]). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.